[No. 1898.   Decided January 13, 1896.]

JOHAN G. JOHNSON, *Respondent,* v. THE BELLINGHAM BAY IMPROVEMENT COMPANY, *Appellant.*

INJURIES TO SERVANT—DEFECTIVE APPLIANCES—CONTRIBUTORY NEGLIGENCE—PLEADING.

Contributory negligence is a matter of defense to be pleaded by the defendant and need not be negatived in the complaint.

A master is liable for injuries received by a servant from the giving way of a rotten plank in the master's wharf, over which the servant was required to wheel heavy trucks, knowledge of the defect having been brought home to the master a couple of days before by the breaking of the same plank, which had at that time been repaired, the second break, which was the cause of the injury, occurring just beyond where the repairs had been made.

Appeal from Superior Court, Whatcom County.— Hon. JOHN R. WINN, Judge.   Affirmed.

*Dorr, Hadley & Hadley,* for appellant.

*J. J. Weisenburger,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action for damages for personal injuries sustained by plaintiff while in the employ of the defendant and in defendant's saw mill. The wharf or flooring of the mill yard surrounding the mill was six or seven hundred feet long and about ninety feet wide. It was constructed of floor planking

three inches thick, laid upon stringers, resting upon piling, the stringers being two feet apart, and had been in constant use for about two and one-half years prior to the accident. The lumber or product of the mill had to be trucked through an alleyway which led immediately in front of the door of the office which was occupied by defendant's agent, Mr Fowle.

Plaintiff was employed to truck and handle lumber in this mill. On the 24th day of May, 1893, plaintiff with other hired men, was engaged in trucking lumber from the mill across the wharf to be loaded into cars for shipment. The lumber which was being handled was planed on both sides, and it was the custom, presumably under the direction of the agent, to pile the lumber high up on the trucks, and the lumber being planed as above described, would slip easily and it was somewhat difficult to keep it from sliding from the trucks. By the piling of timber and lumber along the sides where the truck lay there was a clear space of only about ten feet in width, the truck being about six feet wide.

On the said 24th day of May, while a truck load of lumber was passing though the alley nearly in front of the office door above mentioned, one of the truck wheels broke through the planking of the alley or wharf and the lumber was precipitated from the truck and a serious accident at that time was narrowly avoided, one of the men having the heel of his boot caught and wrenched off by the lumber. Either that evening or the next day the hole in the wharf was repaired. The repairs were made by cutting off the broken plank the length of the width of the stringers, being two feet, and the evidence is conflicting whether a new piece the full width of the planking, two feet long, was inserted or a new piece two feet long and

about half the width of the plank, though we do not consider this discrepancy material. On the next day, the 26th of May, while the plaintiff and a number of the employees were engaged in carting this slippery lumber along the same alley, the truck broke through the flooring and precipitated the lumber upon plaintiff, from which he sustained the injuries complained of. This lumber was piled up high on the trucks and was held there by the men putting their hands on it, walking along by the side of the truck and pushing it and holding the lumber on at the same time.

The case was tried by a jury and a judgment rendered in favor of the defendant for $6,000, the action having been for $10,000. A demurrer was interposed to the complaint, for the reason that it failed to state a cause of action in that while it alleged that the defendant knew of the defects and dangerous character of the roadway, and that plaintiff had no knowledge or notice thereof, it did not state that plaintiff could not have ascertained the facts upon reasonable inquiry. This demurrer was denied by the court. We think the complaint went far enough in the allegations of negligence on the part of the defendant, and it has been uniformly decided by this court that the question of contributory negligence is a matter of defense to be pleaded by the defendant, and that it need not be negatived by the complaint; and in all other respects we think the complaint a good one.

Some objection is made by the appellant to the allegations of the complaint in relation to the earning capacity of the plaintiff and the wages that defendant was paying plaintiff at the particular time of the injury; but without passing upon the sufficiency of the complaint in this respect we are satisfied that if the complaint was wrong, all the defects were cured by the

court by refusing to allow the plaintiff to prove his pecuniary standing or means.

There was a great many errors assigned by the appellant, but it seems to us that this case narrows itself down to the question of whether or not the defendant had exercised the proper degree of prudence in mending the break in the wharf which was brought to its knowledge and which it attempted to mend. It is an elementary proposition which does not call for citations of authority, that the master must furnish a safe place in which he requires his servants to work, and that he must furnish them safe appliances. He is, of course, not bound to insure the employee, but he is bound to use reasonable care in the selection and construction of the machinery and the appliances. It is conceded by the respondent that Mr. Fowle is the vice principal of the company. Mr. Fowle testifies that he examined the break made on the 24th of May, and that it was caused by a shake or pitch seam, and that it did not extend beyond the mended portion of the plank; that he examined the plank where it was sawed off and that it was sound and that these shakes or pitch seams, caused by the shaking of the tree while it was growing, were blind defects which could not be seen or cured. If this testimony were undisputed, it is doubtful if such negligence could be attributed to the defendant as would warrant a recovery in this case; but the overwhelming weight of testimony was to the contrary. Charles Terrill and Swan Johnson both testified that they examined the plank where it it was broken the first time and they found it, in the language of the witnesses, "rotten," and witness Peterson testified that he examined the plank where it was broken the second time and it was rotten at that place. It must be borne in mind that the second break oc-

curred right at the end of the new piece of lumber which had been put in to mend the first break. This is testified to by Fowle on the part of the defense and by Lynn and Peterson, witnesses for the plaintiff. It seems that just as the car wheel left the new piece of lumber and passed on to the end of the old plank the break occurred, and that it occurred right next to a stringer.

It seems to us from the whole testimony in this case that the jury were justified in coming to the conclusion that the plank was decayed at the place of the last break and that that decayed condition existed, or was a continuation of the decayed condition of the plank, where it was first broken; and the fact that the attention of the defendant had been called to the defect in the plank by the first break, and that it repaired the break in such a careless and imprudent manner as it did, justifies the conclusion that it was guilty of culpable negligence, such negligence at least as renders it liable for any damages which legitimately flow from its act.

This is about all that can be said in this case. We are satisfied from the testimony that the jury were at least warranted in concluding that the damages which this plaintiff suffered were caused by the negligence of the defendant in failing to furnish suitable instrumentalities for the performance of the work which it had instructed the plaintiff to do. From the testimony we do not feel justified in interfering with the verdict on the ground that the damages found were excessive.

The judgment will, therefore, be affirmed.

HOYT, C. J., and SCOTT, J., concur.

ANDERS, J. (*dissenting*).—I think the plaintiff was himself guilty of negligence which directly contrib-

uted to cause the injury complained of, and I therefore feel constrained to dissent from the conclusion reached in the foregoing opinion.

GORDON, J.—I concur in what is said by Judge ANDERS.