JOHN H. McDONNELL, Administrator of the Estate of HENRY M. McDONNELL, Deceased, Appellant, v. THE ILLINOIS CENTRAL RAILWAY COMPANY.

**Master and Servant:** NEGLIGENCE. A railroad company is not guilty of negligence in failing to erect any barriers around the pits used by its employes in its round-house, where it would be impossible to erect barriers and do the work about an engine which is intended to be done when the pits are used.

CONTRIBUTORY NEGLIGENCE. Plaintiff's intestate, whose occupation was that of working in the round-house of a railroad, was sent at night to another round-house, where he was killed by falling into an unguarded pit, in which he had previously worked. It appeared that all round-houses had such pits, which was known to the intestate, and that intestate had an unlighted torch with him. *Held,* to show contributory negligence.

*Appeal from Linn District Court.*—HON. W. G. THOMPSON, Judge.

MONDAY, MAY 16, 1898.

ACTION at law to recover damages for the death of plaintiff's intestate, due, as is alleged, to the failure of defendant to properly or sufficiently light its round-house, to negligence in the construction of the house, in that the pits therein were placed in too close proximity to the door; and to failure to properly guard and protect the pit. The defendant filed a general denial, and

pleaded contributory negligence. The case was tried to a jury, resulting in a verdict and judgment for defendant, and plaintiff appeals.—*Affirmed.*

*J. H. Crosby* and *Rickel & Crocker* for appellant.

*Rothrock & Grimm* and *W. J. Knight* for appellee.

Deemer, C. J.—On and prior to the ninth day of January, 1894, Henry M. McDonnell, deceased, was in the employ of the Burlington, Cedar Rapids & Northern Railway Company, at work in its roundhouse in the city of Cedar Rapids. By an arrangement not necessary to be more specifically stated, men in the employ of this company were subject to the call of the Illinois Central Railroad Company for work in its roundhouse. On the night in question, McDonnell and one Drahos were sent by the foreman of the "Burlington" roundhouse to the roundhouse of the Illinois Central Railroad Company, to do some work upon some of the engines of the latter company. The night was cold and windy. McDonnell started to obey his orders, with a box of tools upon his back and a torch in his hand. He arrived at the "Illinois Central" roundhouse about 11:30 p. m. The wind had blown out his torch. He entered defendant's roundhouse at the southeast door, and there met the foreman of the "Burlington" house. The "Burlington" foreman had a lantern in his hand, and was standing about midway between this door and the east rail of the eastern track which entered the house. McDonnell inquired for Drahos, who was to assist him in his work; and the foreman directed him to a place near the extreme north end of the house where a man was at work with a torch for his light. McDonnell started in the direction of this light, going diagonally across the house, in a northwesterly direction, and had proceeded but a short distance when he fell into one of the pits which are found

in all roundhouses, in order to enable employes to get under and repair engines. From the injuries so received, McDonnell died; and this action is brought by his administrator to recover the damages done his estate. The grounds of negligence alleged have already been referred to, and need not be repeated.

The evidence shows that the roundhouse had three stalls. The south end of the pits built in these stalls was ten feet from the south doors of the house, and the southeast corner of the east pit was about six feet from the door at which the deceased entered. The pit was about four feet wide, and a trifle over three feet deep, and extended north between the two rails of the east track for nearly fifty feet. The house itself was about seventy feet long. It was eighty-two feet wide at the north end, while at the south end is was forty feet. About midway of the house from the north to south, and a few feet east of the center, was a post, upon which hung a large lamp facing north; and against this post was a bench, upon which was an ordinary railway lantern. The "Burlington" foreman had a lantern. McDonnell had a torch which was not lighted, and his associate with whom he was to work was at the north end of the building, with a lighted torch. The pits were not guarded or barricaded in any manner, but, in their construction and use, were like pits in all other roundhouses, unless it be that they were nearer the entrance to the house than in some others. There is a dispute as to whether the lamp upon the post was burning at the time of the accident, and also some question as to whether the lantern upon the bench was lighted; and it may have been, and doubtless was, a question for the jury to determine whether the house was sufficiently lighted. One of the instructions complained of, relates to the duty of the defendant's servants in the lighting of the house. In our view of the case, it is not necessary to consider this question.

The evidence clearly shows that it would be impossible to erect any barriers around the pits and do the work about an engine which is intended when the pits are used; so that no negligence can be predicated upon this omission.

The alleged negligent construction of the roundhouse was properly submitted to the jury, and no fault is found with the instructions relating to this matter.

That all roundhouses have these pits seems to be conceded, and the evidence conclusively shows that McDonnell knew that this one had them, for he had worked in the very pit into which he fell prior to the time he received his injuries. Having this knowledge he walked blindly into the pit. Surely, this was contributory negligence. If the lantern his foreman had gave sufficient light to indicate the position of the pit, and the deceased failed to look and discover it, he was clearly negligent. If, on the other hand this lantern did not disclose the position of the pit, and it was so dark that the deceased could not see where he was going, then he was guilty of such negligence that he ought not to recover. He knew the pit was close at hand, or, if he had thought, must have known, for he had been in this roundhouse twice before, and, as a roundhouse employe, knew that such pits are present in all such houses. And yet, according to appellant's theory, although he walked blindly into this pit he may still recover. We do not think this is so, and, in our opinion, it is difficult to conceive of a plainer case of contributory negligence. The trial court instructed the jury, in effect, that if, when the deceased undertook to walk across the engine house, it was so dark that he could not see where he was walking, and if he had a torch with him which he could have lit, and which, when lighted, would have afforded him light enough to have seen the pit, and instead of lighting the torch he continued to

walk in the dark, and while so doing stepped into the pit, then plaintiff could not recover.  As applied to the facts of this case, showing knowledge of the deceased as to the presence of such pits in roundhouses in general, and in this house in particular, we think the instruction was correct, and that the jury very properly found for the defendant.

Some other errors relating to the admission and rejection of evidence, and to the instructions given by the court, are complained of; but, as none of them go to the question of contributory negligence, they need not be considered.  There is no prejudicial error, and the judgment is AFFIRMED.