CASE 91—ACTION TO RECOVER DAMAGES FOR PERSONAL INJURIES— OCT. 23.

# Williams v. Louisville & N. R. R. Co.

### APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

MASTER AND SERVANT—ASSUMPTION OF RISK—FALLING INTO UN-
GUARDED ASHPIT.

Held: Where plaintiff, employed by defendant railroad company in its switch yard, fell into an unguarded ashpit at night, defendant is not liable for the injury sustained, there being no allegation by plaintiff that he did not know of the existence, location, and alleged dangerous condition of the ash pit, or that the pit was defectively constructed, or was unnecessary for the purpose for which it was used.

C. C. CALHOUN, ATTORNEY FOR APPELLANT.

MORTON & DARNALL, OF COUNSEL.

It is alleged in the petition that the defendant operated a railroad between Louisville and Lexington, Ky., and had an engine yard at Lexington situated in a low dark place in which, near a thoroughfare used by defendant, was located an ashpit twenty feet long, four feet wide, and three and one-half feet deep. No guards were kept about said pit or other means of protection to its employes, no light or other signal of danger or warning in the night time; that plaintiff entered defend-

ant's service on Nov. 6, 1898, as a general assistant in said yard, his services to be rendered in the night time; that he was illiterate, slow of comprehension, inexeperienced in the line •of his employment and did not comprehend the danger to which he was subjected; that he was not at any time advised of the exposed condition of said pit during the night time, and on January 7, 1898, the defendant refused to furnish him with a lamp to be used while in the discharge of his duties and by reason of the negligent acts of defendant and while in the necessary discharge of his duties he fell into said pit and was greatly. injured.

A demurrer was filed and sustained to plaintiff's petition, and he, declining to plead further, his petition was dismissed and he appeals.

We submit that the correct rule in the relation of master and servant is, that the servant who is fully capable of realizing the nature and reasonable extent of his employment, assumes the risk to the extent only as to his own acts and others of same degree of himself, while in the necessary performance of his duties.  And in order to even thus charge the servant it is incumbent on the master to observe all the care which the exigencies and nature of his business requires; omitting no precaution which a prudent man ought to have exercised, and in case of an inexperienced or mentally incapable servant, the master must point out or explain to him the nanature or extent of the danger incident to his employment. Tested by this rule the lower court certainly erred in sustaining the demurrer to plaintiff's petition.

### AUTHORITIES CITED.

Am. & Eng. Ency., vol. 14, 869, 877, 887, 874-5, 39 Fed. Rep., 174; Sullivan's Admr. v. Lou. Bridge Co., 12 Bush, 81; Lawrence v. Hageneyer & Co.; Hough v. Ry. Co., 100 U. S., 213; 93 Ky., 594; L. & N. R. R. Co. v. Foley, 94 Ky., 220; L. & N. R. R. Co. v. Bowcock, 21 Ky., Law Rep., 383; L. & N. R. R. Co. v. Ross, 21 Ky. Law Rep, 1730; Ohio Valley R. Co. v. McKinley, 17 Ky. Law Rep., 1028; Hughes v. L. & N. R. R. Co., 20 Ky., Law Rep., 1029; Cin. &c., R. R. Co. v. Sampson's Admr., 97 Ky., 70; Derby's Admr. v. Ky. Cent. R. Co., 9 Ky. Law Rep., 153; Bogenschutz v. Smith, 84 Ky., 339; L. & N. R. R. Co., v. Vestal, 20 Ky. Law Rep., 1287; Wallace v. The Central Vt. R. R. Co., 138 N. Y., 302; Helehan v. Green Bay, Winona & St. Paul R. R. Co., 68 Wis., 528; Kennedy v. Lake Superior T. & T. Ry. Co., 66 N. W., Rep., 1137; Sherman & R. on Negligence (5th ed.) sec. 211; Hughes v. Winona

& St. P. Ry. Co., 27 Minn., 137; Snow v. Housatonic R. R. Co., 8 Allen, 446, L. & N. R. R. Co. v. Semones, 21 Ky. Law Rep., 444.

THORNTON & KERR, ATTORNEYS FOR APPELLEE.

We submit that the judgment of the lower court is correct upon each of the following grounds, viz.:

1. There is no allegation in the petition, nor in any one of the three several amended petitions, that the plaintiff did not know, and had not equal means with the appellee of knowing of the existence, location and alleged dangerous condition of the ash pit of which complaint is made.

2. Aside from the fatal absence of an allegation of want of knowledge on the part of the appellant or want of equal means of knowledge, the facts stated in the petition do not constitute a cause of action.

There is no allegation in the petition that the ashpit on the night of the injury was in any different condition from that in which it was during all the time plaintiff was in defendant's service.

### AUTHORITIES CITED.

Wood on Master & Servant, p. 791; Thompson on Negligence, vol. 2, p. 1008; Bogenschutz v. Smith, 84 Ky., 330; L. & N. R. R. Co. v. Bowcock, 21 Ky. Law Rep., 383; Bailey's Master's Liaility, &c., pp. 158 to 168; Judd's Admr. v. L. & N. R. R. Co., 18 Ky. Law Rep., 784.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

Appellant alleges, in substance, that in appellee's engine and switch-yard at Lexington, Ky., there is an ash pit twenty feet long, four feet wide, and three and one-half feet deep, located near one of the main thoroughfares in the yard, which is used as a receptacle for cinder and ashes which were removed from the fire boxes of their engines; that it was entirely without guards or other protection; that on the night of the 7th of November, 1898, while engaged in his duties as an employe of appellee in the yard, he fell into said ash pit, and was greatly injured thereby; that appellee did not advise him of the exposed condition

of the ash pit during the nighttime. A general demurrer was sustained to the petition. Thereupon several amendments were filed, to which demurrers were interposed and sustained. Finally, appellant declining to plead further, his petition was dismissed. There is no allegation either in the original or in any of the amendments that appellant did not know of the existence, location, and alleged dangerous condition of the ash pit of which complaint is made. Nor is there any averment that it was defectively constructed, or was unnecessary for the purpose for which it was used. In the absence of these necessary averments, we are of the opinion that the circuit judge did not err in the rulings complained of. An ash pit is a necessary adjunct of the railroad business in cleaning out engines employed by the company, and it is necessarily used at all hours of the day and night; and persons employed by the railroad company in such yards are bound to take notice of the existence, location, condition, and manner of use of such ash pits, and assume all the risk ordinarily incident to such location. 2 Thomp. Neg. p. 108, says: "If the servant knows, or by the exercise of ordinary observation could discover, that the premises in which he is to labor are unsafe or unfit in any particular, and if, notwithstanding such knowledge or means of knowledge, he voluntarily continues in the employment without objection or complaint, he is deemed to assume the risk of the danger thus known or discoverable, and to waive any claim for damages against the master in case it shall result in injury to him." In Bogenschutz v. Smith, 84 Ky., 336 (8 R. 376) (1 S. W., 578), it was held, in an action by the servant against the master to recover damages for personal injuries caused by the defective condition of the premises in which he was employed, that: "The master must use ordinary care

in providing proper and safe premises, as well as proper machinery and materials, for the servant; but if, from any cause, it be not so, and the latter is fully aware of it, and without complaint, or assurance to him from the master that it shall be remedied, he voluntarily continues to use them, then he waives his right, in case of injury, to hold the master responsible, and is without remedy." Mr. Bailey, in his work on the Master's Liability for Injuries to Servants (page 165), says: "The servant must use reasonable care in examining his surroundings to observe and take such knowledge of dangers as can be attained by observation. If he fails to do so, the risk is his own. He is bound to use his eyes to see that which is open and apparent to any person using his eyes, and, if the defect is obvious, and suggestive of danger, knowledge on the part of the servant will be presumed. The duty of the master in such cases is not to see that the servant actually knows. He has a right to rest upon the probability that anybody would know what was generally to be seen by his own observation. Negligence in a servant often consists in failing to know as well as in failing to do, and such is always the case when it is his duty to inform himself and know."

Judgment affirmed.