NORTHERN PAC. RY. CO. v. POST.

(Circuit Court of Appeals, Eighth Circuit. June 14, 1909.)

No. 3,035.

MASTER AND SERVANT (§ 236*)—MASTER'S LIABILITY FOR INJURY TO SERVANT— DANGEROUS PREMISES—CONTRIBUTORY NEGLIGENCE.

> Plaintiff was employed as a workman in the engine house of defendant railroad company, and while in front of the locker, in which he kept his tools, in the evening, after dark, fell into a drive wheel drop pit three feet from the locker and was injured. There were a number of open pits in the building, constructed in the usual manner, as he knew. The house was a new one, and the work of moving into it was still going on. He knew there was one pit near his locker, but had not observed the one into which he fell. He had a torch among his tools, which was lighted when he quit work, but he extinguished it and proceeded to the locker · in the dark. *Held*, that in doing so he was guilty of contributory negligence, which precluded his recovery.
>
> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 681, 683, 723–742; Dec. Dig. § 236.*]

In Error to the Circuit Court of the United States for the District of Minnesota.

Charles A. Hart (C. W. Bunn and Charles Donnelly, on the brief), for plaintiff in error.

E. E. Sharp (C. R. Chapin, on the brief), for defendant in error.

Before VAN DEVANTER, Circuit Judge, and CARLAND and POLLOCK, District Judges.

PER CURIAM. This was an action to recover for an injury sustained by the plaintiff by falling into an open "drive wheel drop pit" in a railroad engine house in which he was employed as a boiler maker. Taken in that view which is most favorable to him, the evidence established these facts: As was usual in such engine houses, there were in this one several open pits, from 3 to 5 feet in depth, which were intended to facilitate the work of cleansing, caring for, and repairing engines. The pit into which the plaintiff fell was of a customary or standard type, and was intended to be used in removing drive wheels from engines. One corner of it came within 3 feet of a locker in which he kept his dinner pail, some of his clothing, and his tools. For three or four days prior to his injury he had used this locker each morning, noon, and evening, and in so doing had learned that the engine house was not sufficiently lighted at any time and was quite dark in the even-

---

ing. In the same way he had learned that between the rails of a track which was 4½ feet in front of his locker there was a long open pit known as an "ash pit." The pit into which he fell crossed the long one at right angles, and the end which was nearest his locker extended across the track just mentioned 18 inches, but was somewhat to the right of the locker, rather than in front of it. He had not observed this cross-pit, and did not know how far he safely could move in that direction. He had worked for several months in engine houses, and knew in a general way how they were constructed and how the work therein was performed. He also knew, as was the case, that this engine house was a new one, that the work of moving thereto was still going on, and that the surroundings were in an unsettled state. At the time of his injury he had gone to his locker to deposit his tools therein and to make the usual preparations for going home; his day's work being done. Among his tools was a hand torch, which was lighted when he quit work; but he extinguished it and proceeded to his locker in the dark. After reaching the locker, and while he was moving about in the dark, in the course of making preparations for going home, he stepped to the right farther than he had ever gone before, and in doing so fell into the drive wheel drop pit. It was open and unguarded; but in that regard it was like the other pits actually observed by him, including the one in front of his locker. In short, knowing that the surroundings were in an unsettled state, and that the place was one of danger unless he made use of his hand torch, and not knowing how far he safely could move to the right of his locker, he failed to make use of his torch, and took chances upon being able safely to move about in such a place in the dark. In so doing he plainly was guilty of negligence which contributed proximately to his injury, and, therefore, was without any right of recovery. McDonnell v. Illinois Cent. Ry. Co., 105 Iowa, 459, 75 N. W. 336; McCann v. Atlantic Mills, 20 R. I. 566, 40 Atl. 500.

It follows that the court erred in refusing the defendant's request for a directed verdict in its favor, and for that error the judgment is reversed, with a direction to grant a new trial.