## Louisville & Nashville Railroad Company v. Heaton, By, etc.

(Decided February 6, 1925.)

### Appeal from Oldham Circuit Court.

Master and Servant—Railroad Yard Employee Held to have Assumed Risk of Unlighted Ash Pit of which he Knew.—Railroad yard employee, who knew location of unlighted ash pit, and was

familiar with general geography of yard, could not recover for damages sustained in falling into pit, having assumed risk.

R. P. HOBSON, WOODWARD & WARFIELD and D. H. FRENCH for appellant.

R. T. & WM. J. CROWE for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

Appellee, an infant then 18 years of age, while employed by appellant in its yards at Lagrange, on the late afternoon or early evening of December 7, 1923, after dark, stepped or fell into a cinder pit maintained by defendant in its yards and was injured.

In this action prosecuted through his next friend he recovered a verdict upon which judgment was entered, and from which this appeal is prosecuted.

The only question necessary to pass upon is whether or not defendant upon the trial was entitled to the directed verdict for which it asked.

The negligence complained of is the failure to furnish plaintiff a reasonably safe place in which to work, and the failure to maintain any or sufficient lights or warnings so as to notify him of the danger and location of the pit; and that because of the darkness and of the failure to have any or sufficient lights to give him warning, he was unaware of the location of the pit.

The answer puts all the material allegations of the petition in issue, and in another paragraph it is alleged that plaintiff was employed to and was on the occasion complained of and prior thereto, engaged in working in, around and about the ash pit referred to, and relied upon the defense of assumed risk, and in another paragraph upon the defense of contributory negligence.

Although plaintiff in his petition alleged in the manner above set forth that on account of the darkness and the want of light he was unaware of the location of the pit, in his evidence he admits that he knew of its location and that there was no light on it, and his evidence shows he was familiar with the general geography of the yards in which he was at work, although he had only been at work for the company a short time.

In substance it is that he was directed to clean out an engine, and needing a lantern for that purpose he had gone to a small house at a place in the yard nearby

where he had previously procured a lantern, but failed to find one there, and then started through the yards to go to an engine on another track where he might procure the lantern, and while going from the house toward this engine he stepped or fell into the ash pit, which caused his injuries.

The case cannot be distinguished from Williams v. L. & N. R. R. Co., 111 Ky. 822. There the yard employe filed his action alleging that at night while engaged in his duties as an employe in the yard, he fell into such ash pit and was greatly injured, and that defendant had not advised him of the exposed condition of the ash pit during the night time. There was, however, no allegation in his pleadings that plaintiff did not know of the existence, location and alleged dangerous condition of the ash pit of which he complained; nor any allegation that it was defectively constructed, or was unnecessary for the purpose for which it was used.

A demurrer was sustained to his petition as amended in the trial court and his petition dismissed, and upon the appeal that judgment was affirmed. The court recited in the opinion that an ash pit is a necessary adjunct to the operation of a railroad, and is necessarily used at all hours of the day and night, and then said:

> "And persons employed by the railroad company in such yards are bound to take notice of the existence, location, condition and manner of use of such ash pits, and assume all the risk ordinarily incident to such location."

In that opinion Thompson on Negligence, Bailey's Masters' Liability for Injuries to Servants, and Bogenschutz v. Smith, 84 Ky. 336, are cited.

The only distinction between that case and this is, that there the plaintiff failed to allege his want of knowledge of the existence, location and dangerous condition of the ash pit, while in this case there is a sort of qualified averment to that effect; but the plaintiff's own evidence shows that he did have such knowledge.

Nor is the case of Lexington Railway Company v. Cropper in conflict with this rule; for in the opinion in that case the court clearly and accurately distinguished it from the case of Williams v. L. & N. R. R. Co. above quoted, pointing out that in that case the ash pit was safely covered by a car when the plaintiff in the prosecu-

tion of his duties left it, but when he shortly returned the car had been removed from over the ash pit, and no notice had been given him of such removal.

It being clear, therefore, that appellant was entitled to the directed verdict, because the plaintiff knew of and had assumed the risk incident to his duties in the yard, the court erred in overruling its motion.

The judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.