## Chesapeake & Ohio Railway Company v. Ward.

(Decided November 11, 1927.)

### Appeal from Johnson Circuit Court.

Master and Servant.—Action by employee to recover for injuries sustained while lining railway of railroad track with claw bar, a tool with which employee was thoroughly familiar, comes within simple tool doctrine, and employee assumed risk of danger incident to use of claw bar, precluding recovery for injuries.

BROWNING & REED and KIRK, KIRK & WELLS for appellant.

F. P. BLAIR and J. L. HARRINGTON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellee brought this suit against the appellant to recover for personal injuries received by him while in the appellant's employ. From a verdict of $300 rendered in his behalf, the appellant moves for this appeal.

Numerous grounds are urged for reversal, none of which we will consider or pass upon, except the appellant's contention that it was entitled to a peremptory instruction. The evidence shows that the appellee was injured while lining a rail of the appellant's railroad track with a claw bar. The evidence shows that he was thoroughly familiar with this type of a tool, and for four years had used it or one similar to it in lining rails. The evidence is not clear as to exactly how the accident happened, but it may fairly be said that, while the appellee was lifting a rail by means of the claw bar, the bar slipped on a rock beneath it, causing the end in his hands to fly up and hit him. Appellee claimed that the claw bar slipped because of its curved end, and that, had the end been straight, as is that of an ordinary lining bar, the claw bar would not have slipped as it did.

This case comes squarly within the rule of the simple tool doctrine. In the case of C., N. O. & T. P. R. Co. et al. v. Burton, 184 Ky. 2, 211 S. W. 186, we said:

"There is a recognized distinction between a master's duty and liability to a servant in the use of complicated or dangerous tools, and in the use of so-called simple tools. In the use of the latter the nonliability of the master is grounded on the fact that any defect in a simple tool or the resultant effect of its use must be so obvious to a person of ordinary intelligence that the risk of danger incident to such use must be held to be assumed by the servant."

In that case may be found a partial catalogue of tools which have been held to be within the simple tool doctrine. Among such authorities are those of Hoskins v. L. & N. R. Co., 167 Ky. 665, 181 S. W. 352, holding a claw bar to be such a simple tool, and Flaig v. Andrews Steel Co., 141 Ky. 391, 132 S. W. 1015, holding an iron rod to be such.

Under these authorities, appellee assumed whatever risk of danger there was incident to the use of the claw

bar. in question. This being so, the trial court should have peremptorily instructed the jury to find for appellant.

The appeal requested is granted, and the judgment of the lower court is therefore reversed, with instructions to grant the appellant a new trial in conformity with this opinion.