## Cincinnati, New Orleans & Texas Pacific Railway Company v. Gossett.

(Decided June 21, 1929.)

WILLIAM WADDLE and JOHN WELD PECK for appellant.

VIRGIL P. SMITH and TURNER & CREAL for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—
Reversing.

The appellee, Dewey Gossett, sued the appellant to recover damages for an injury sustained while employed by it in its shops near Somerset, in Pulaski county, Ky. The negligence alleged in the petition is (1) in directing how the labor should be performed and in the performance thereof; and (2) in failing to provide and use safe and suitable tools and appliances in the execution of the work being done, and in directing the use of unsafe and unsuitable tools in the work. The answer put in issue the allegations of negligence; pleaded contributory negligence on the part of plaintiff; and that the injuries, if any, complained of resulted from the act of a fellow servant, for which appellee assumed the risk. These pleadings were traversed by reply.

Upon the trial but two witnesses testified as to how the injury occurred. These were appellee and Earl Conners, with whom appellee was working at the time. Conners was a boiler maker, and appellee was a boiler maker's helper. He had engaged in that sort of work in appellant's shops for more than a year prior to the injury. At the time of the injury, he and Conners were repairing an Upright boiler, and had taken out the fire box so as to put in a new fluesheet. When they replaced the fire box, it was found necessary to cut some of the metal from it, and bevel it so as to lay a row of wires around it to hold it in place. In doing the beveling they first used an air hammer; that is, a tool which holds a chisel, or bit, and is operated by compressed air.

Conners testifies that they reached a point in the work where it became impracticable to use the air hammer; but appellee testifies that the foreman, who was Conner's father, came to them at the time they stopped using the air hammer, and that Conners complained to the foreman that the air hammer was too hard on him to operate, and that the foreman directed them to do the work with a sledge hammer and hand chisel, which they did. This was done by holding the chisel through the door of the boiler, an apperture 16 inches by 12 inches, with the cutting point of the chisel inside the fire box, and the end for striking with the hammer protruding outside the boiler. When they commenced the use of the sledge and chisel, Conners held the chisel and appellee used the hammer, but after a while it became necessary to strike left-handed with the hammer, and appellee claimed he could not strike left-handed. Conners then took the hammer, and appellee held the chisel. While he was holding the chisel, on a swing of the hammer made by Conners, it accidentally struck some part of the boiler and glanced off, striking appellee's left hand, with which he was holding the chisel, or struck the chisel a glancing blow, and then struck appellee's hand, breaking the metacarpal bone of the index finger, permanently injuring that member.

The jury returned a verdict for appellee in the sum of $2,500, and from the judgment entered thereon this appeal is prosecuted.

For reversal appellant relies upon these grounds: (1) That no negligence upon its part was shown; (2) that appellee's injury was the result of an act of a fellow servant, and for which he assumed the risk; and (3) that it was entitled to a peremptory instruction.

The basis of this suit is the claim that appellant failed to provide and use safe and suitable tools and appliances in the execution of the work, and in directing the use of unsafe and unsuitable tools to perform the work. The tools in use at the time of appellee's injury were a sledge hammer and cold chisel, both of which have been held to be simple tools and to fall within the simple tool doctrine. Stirling Coal & Coke Co. v. Fork, 141 Ky. 40, 131 S. W. 1030, 40 L. R. A. (N. S.) 837; Donahue v. Louisville, H. & St. L. R. Co., 183 Ky. 608, 210 S. W. 491.

It is not claimed that either of these tools was defective in any particular, and there is no proof that they

were not suitable for doing the work. On the contrary, the testimony of appellee himself is that he had previously used a sledge hammer and cold chisel in cutting off rivets in boilers, and knew how these tools were used. The testimony of his witnesses, Ritter and Chadwick, is that the sledge hammer and chisel are proper tools for doing the work in which appellee was engaged at the time of his injury, and are as safe as other tools which may be employed for the purpose.

The master is not required to provide the best tools which can be procured, nor those which are absolutely the most convenient or the safest. His duty is sufficiently discharged by providing those which are reasonably safe and fit. (New Galt House Co. v. Chapman, 124 Ky. 527, 99 S. W. 632, 30 Ky. Law Rep. 692; Stirling Coal & Coke Co. v. Fork, supra); and the resultant use of such tools must be so obvious to a person of ordinary intelligence that the risk of danger incident to their use must be held to be assumed by the servant. Chesapeake & O. R. Co. v. Ward, 221 Ky. 748, 299 S. W. 725; Cincinnati, N. O. & T. P. R. Co. v. Burton, 184 Ky. 2, 211 S. W. 186. The doctrine of assumed risk has not been entirely abrogated in this state. It is only where the injury grows out of a violation of a federal statute enacted for the safety of employees engaged in interstate commerce, or in a violation of our state statute on the subject of intrastate commerce, that the doctrine no longer applies. Idol v. Louisville & N. R. Co., 203 Ky. 81, 261 S. W. 879. As appellee's claim does not grow out of a violation of either statute, the doctrine of assumed risk applies.

But appellee seeks to avoid effect of the simple tool doctrine and the assumption of risk on the argument that he does not charge, nor does he rely upon the fact that the tools were defective; but urges that they were unsafe and unsuitable, considering the manner in which the work had to be performed, and that it was gross negligence to undertake the use of the chisel and hammer through the door of the boiler when there were better and safer methods of doing the work. There is no proof that there was any better or safer method of doing the work. The testimony discloses only two methods by which work of this character could be done; one by use of the air hammer and the other by sledge hammer and chisel; and it is shown that one method is as safe as the other. There was no negligence in the use of one method

rather than the other, or in changing from one to the other. Truesdell v. Chesapeake & O. R. Co., 159 Ky. 718, 169 S. W. 471.

If it be assumed that Conners was negligent, yet, under the facts of this case, he and appellee were fellow servants, and Conner's negligence was a risk assumed by appellee, and for which appellant cannot be held responsible. Jones v. Southern Ry. in Kentucky, 175 Ky. 455, 194 S. W. 558; Sinclair's Adm'r v. Illinois Cent. R. Co., 140 Ky. 152, 130 S. W. 978; Whitson v. American Bridge Co. of New York, 158 Ky. 814, 166 S. W. 603; Louisville & N. R. Co. v. Oliver, 210 Ky. 25, 275 S. W. 367.

Appellee knew it was Conner's intention at the time to strike the hammer; that was a necessary part of the work, and the danger of having his hand struck while holding the chisel was one of the risks ordinarily and usually incident to the employment, and therefore one which he assumed. The trial court should have sustained appellant's motion for peremptory instruction; and, if upon another trial the evidence is substantially the same as upon this one, the court will give such an instruction.

Wherefore the judgment is reversed for proceedings consistent with this opinion.