In the Matter of the Claim of ARTHUR M. MANIGAULT, Appellant, against W. H. BEAUMONT & SON, Respondent. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 20, 1929.

*Maxwell M. Booxbaum*, for the appellant.

*J. W. Van Gordon*, for the respondent.

PER CURIAM. It is conceded that the general business of the employer does not bring it within the provisions of the Workmen's Compensation Law. Its liability, if any, falls under the particular hazardous employment designated in group 7 of subdivision 1 of section 3 of the Workmen's Compensation Law, relating to the operation of hand trucks.

The claimant says he was injured while he was engaged in placing a heavy box on what is designated by the manufacturer as a " dolly; " and was attempting by means of the dolly to move the box from one part of the shipping room to another as was commonly done. It is not clear from the evidence whether this dolly had four or six wheels and we deem the number unimportant. It consisted of a strong platform supported by small wheels. It had no handle but was moved about by human power.

The Industrial Board decided by a vote of three to two that this dolly was not a hand truck. With that conclusion we disagree. A dolly is defined in Webster's New International Dictionary as a device consisting of a small platform and a single wide roller, used as a truck for moving heavy beams, logs, columns, etc., or, when inverted, as a stationary roller. A truck is defined by the same authority as a kind of handbarrow or handcart consisting essentially of a strong, braced frame terminating in a pair of handles at one end and supported on a pair of small heavy wheels with broad rim; a small heavy rectangular frame supported on four small wheels used instead of rollers for moving heavy objects, as on a floor; any of various small flat-topped cars for pulling or pushing by hand, with or without a handle and sometimes with stakes or vertical ends to prevent the load from falling off, used in shops, railroad stations, etc., for moving heavy articles. The illustrations accompanying the definition indicate similarity to the dolly in this case. The common conception of the nature of such a device as a " hand truck," is in accord with the definition of lexicographers.

Evidently the manufacturer gave the name of " dolly " to this device without regard for the dictionary definition but to distinguish it from other types of trucks. The catalogue offered in evidence but not printed in the record was called " Catalogue of the Colson Quiet Trucks " and apparently the description of the different models referred to them as " trucks." There can be no doubt that the purpose of this dolly was to permit heavy objects to be moved about on the floor of the building by hand.

Formerly the statute did not cover accidents occurring through the operation of hand trucks under circumstances such as is asserted happened in this case. (*Holtz* v. *Greenhut & Co.*, 175 App. Div. 878.) By chapter 705 of the Laws of 1917 (amdg. Workmen's Compensation Law of 1914, § 2, group 41) the operation of hand trucks was brought within the classification of hazardous employments and has there remained through subsequent amendments of the statute. Upon the revision of the statute in 1922 (Chap. 615) the employment was placed in group 7 (*supra*). We think that if the claimant was injured while engaged in the operation of this

dolly he is entitled to compensation. There seemed to be doubt in the minds of some of the members of the Board as to whether the injury occurred in that manner. We share these doubts, and although the formal findings are that he was so injured we suggest an examination *de novo* of the evidence to determine the question of causation.

The decision of the Industrial Board should be reversed and the claim remitted, with costs to the claimant to abide the event.

VAN KIRK, P. J., HINMAN, DAVIS, WHITMYER and HASBROUCK, JJ., concur.

Decision reversed and claim remitted to the State Industrial Board, with costs to the claimant against the employer to abide the event.