[No. 29081.   *En Banc.*   December 6, 1943.]

DONALD MCGILLIVARY, *Appellant*, v. MONTGOMERY WARD & COMPANY, INC., *Respondent.*[1]

[1]Reported in 143 P. (2d) 550.

*R. W. Nuzum* and *Wilmot W. Garvin,* for appellant.

*F. L. Stotler,* for respondent.

SIMPSON, C. J.—Plaintiff brought this action to recover compensation for personal injuries while moving an article of merchandise into a store or warehouse owned and operated by defendant. The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained. Plaintiff abiding his pleading, the cause was dismissed. He appeals. The error assigned is in sustaining the demurrer and entering judgment of dismissal.

The complaint alleged the following facts: Appellant was employed by respondent as a shipping clerk in respondent's store, and his duties required him to move into a store or warehouse articles of merchandise which were delivered to a place outside the building. July 15, 1938, he was injured while in the discharge of his duties. After a general description of the door to the warehouse, appellant stated:

"Immediately adjacent to said door and running from the threshold thereof onto and into, or in the direction of said alley, was a concrete slab or platform, so constructed and maintained that its outer edges were raised approximately four inches higher than the surface of said alley, constituting a sheer drop from the top surface of said concrete slab to the level of said alley, or, conversely, a like rise from the level of said alley to the top surface of such slab, and because of the construction and maintenance of such slab in such condition, in moving freight from said alley into said warehouse, it was necessary to lift or raise the same from the level of said alley surface to the level of the top of such concrete slab, being a perpendicular raise of practically four inches."

He then alleged:

"For the use of the plaintiff in moving heavy freight into and within said warehouse, the defendant Montgomery Ward & Co., Incorporated, furnished and ordered the plain-

tiff to use a certain dolly or truck, the bed of which was so constructed that the same was not level but was sunken in a partial semicircle, and constructed and intended for use in hauling or transporting barrels having a rounded surface, but which was not suited to or suitable for hauling or transporting articles crated and having a flat surface bottom, and that it was dangerous and unsafe to use such truck or dolly in an attempt to move heavy freight, because of the tendency thereof to tip or slide into the sunken partial semicircular bottom, but that the defendant, Montgomery Ward & Co., Incorporated, ordered, directed and insisted that the plaintiff use same in the transferring of merchandise, notwithstanding plaintiff's objections to the use of said equipment by virtue of the dangerous nature and condition of said equipment."

That, July 15, 1938, certain freight was delivered to respondent's store, and that it was necessary to move the heavy articles by the use of the truck or dolly furnished by respondent for that purpose, and which appellant was ordered, directed, and instructed to use. Further, that:

"Among the articles of freight and merchandise so delivered and unloaded and left in said alley at said time, was a crated bathtub, weighing approximately six hundred pounds, commonly described as a 'built-in' tub, and so constructed that one side thereof had a solid heavy piece of porcelain or enameled iron, which tended to make one side thereof heavier than the other and the weight thereof was unbalanced. That plaintiff, in obedience to an order and direction of the defendant's agent in charge, loaded such crated bathtub on said truck or dolly and started to move the same from the place in the alley where the same had been unloaded from such truck or auto freight and left, and in so doing backed up and pulled said truck or dolly toward him, and moved the same to the outer edge of said concrete slab above referred to, and, standing on said slab, attempted to lift or 'jump' said truck or dolly with said crated bathtub thereon up and over the raise from the level of said alley surface to the top level of said concrete slab, *and in so doing the said bathtub, by reason of the improper construction of said truck or dolly for such use, the said bathtub started to tip or roll from said truck or dolly, and plaintiff in an endeavor to prevent the same from falling, took hold of said bathtub, and because of the weight of such bathtub and the fact that it was rolling or tipping, plaintiff suffered*

*a severe wrench or strain and injuries as hereinafter set out, all because of the negligence of the defendant as herein set out."* (Italics ours.)

■ In considering the effect of a pleading to which a demurrer has been interposed, it is the approved rule that its allegations must be liberally construed in favor of the pleader, and that the demurrer admits the truth of the facts well pleaded, including every legitimate inference deduced therefrom, but does not admit the truth of the inference of facts alleged, unless those facts are sufficient to justify the inference. *Puget Mill Co. v. Duecy,* 1 Wn. (2d) 421, 96 P. (2d) 571; *Lidral Construction Co. v. Parker,* 9 Wn. (2d) 128, 113 P. (2d) 1022.

The trial court in its memorandum opinion did not indicate the basis of its decision.

Appellant contends that the facts set out in the complaint showed that respondent was negligent in not furnishing a safe place for him to work, and in furnishing him with a defective truck with which to perform the duties assigned to him. Respondent maintains that the complaint is defective in that it did not allege negligence on the part of respondent, and that it did present facts indicating that appellant assumed the risk incident to the work in which he was engaged at the time of his injury.

A careful study of the complaint compels the conclusion that the only charge of negligence is that of furnishing a truck or dolly which was not a proper implement to be used in moving merchandise. The complaint did state that respondent was negligent in maintaining the platform with a raised edge. Those statements were merely conclusions of law and not of fact. Moreover, in describing the accident which caused the injury, appellant did not in any way charge that it was caused by the manner in which the platform was constructed and maintained.

The first question, then, for consideration is whether respondent was negligent in furnishing an appliance which was not reasonably safe for the use required. Respondent contends that the rule relative to the duty of a master in

furnishing safe tools and appliances to a servant does not apply to simple ones in common use, and with which both are familiar.

The complaint does not describe the kind of truck which appellant used. Webster's New International Dictionary (2d ed.), defines a truck or dolly as follows:

"Any of numerous vehicles for transporting heavy articles; esp.: A kind of handbarrow or handcart, consisting essentially of a strong, braced frame terminating in a pair of handles at one end and supported on a pair of small heavy wheels with broad rim. A small heavy rectangular frame supported on four small wheels, used instead of rollers for moving heavy objects, as on a floor. Any of various small flat-topped cars for pulling or pushing by hand, with or without a handle and sometimes with stakes or vertical ends to prevent the load from falling off, used in shops, railroad stations, etc., for moving heavy articles."

The illustration accompanying the definition indicates simplicity of construction.

See, also, *Manigault v. W. H. Beaumont & Son,* 227 App. Div. 259, 237 N. Y. Supp. 370.

█ The simple tool doctrine is an exception to the general rule that the master must use reasonable care to provide tools and appliances which are reasonably safe. This exception is applied to those tools and appliances which are simple in construction, and the defects, if any, should be obvious to the employee. It rests upon the conclusion that the servant has the ability and knowledge equal to that of the master in ascertaining any defects in the tools furnished by the employer. 39 C. J. 342, Master and Servant, § 462; 35 Am. Jur. 606, Master and Servant, § 177; *Middleton v. National Box Co.,* 38 F. (2d) 89; *Newbern v. Great Atlantic & Pacific Tea Co.,* 68 F. (2d) 523; *Rodgers v. Pacific Mills,* 161 S. C. 376, 159 S. E. 655; *Probst v. Heisinger Motor Co.* (Mo.), 16 S. W. (2d) 1005; *Cincinnati, N. O. & T. P. R. Co. v. Gossett,* 230 Ky. 240, 18 S. W. (2d) 986.

"The rule seems well established that an implement of simple structure, presenting no complicated question of power, motion or construction, and intelligible in all of its parts to the dullest intellect, does not come within the rule

of safe instrumentalities, for there is no reason known to the law why a person handling such instrument and brought in daily contact with it should not be chargeable equally with the master with a knowledge of its defects." *Cole v. Spokane Gas & Fuel Co.,* 66 Wash. 393, 119 Pac. 831.

This holding has been approved in *Greinert v. Lamont Inv. Co.,* 76 Wash. 82, 135 Pac. 817; *Bougas v. Eschbach-Bruce Co.,* 77 Wash. 347, 137 Pac. 472; *Stevens v. Hines,* 110 Wash. 579, 188 Pac. 917; and *Etel v. Grubb,* 157 Wash. 311, 288 Pac. 931.

■ The truck or dolly must be placed in the same category as the tools mentioned by Judge Gose in *Bougas v. Eschbach-Bruce Co., supra.* We quote from the opinion:

"The following have been held to be simple tools within the rule stated: A backing hammer, a buffer, chisels, claw bars, crow bars, driftpins, dolly bars, a fork used in a dye house, a hook with a short handle used for moving timbers in a sawmill, lifting jacks, machine hammers, mauls, monkey wrenches, pinch bars, prize poles, punches, rivet hammers, snap hammers, soft heads, and wrenches. 13 L.R.A., foot note, p. 670.

"The clamp and key do not differ from the ordinary tools and implements used upon the farm, such as lines, tugs, neck yokes, double trees, lead bars, lead chains, clevises, hammers, nails, axes, wire stretchers, brake rods, and many other simple tools in daily use upon the farm."

The complaint does not state, nor does it indicate, that the implement furnished by respondent was in any manner complicated in make or operation. In the absence of an allegation of that nature, we must assume that it was of the variety ordinarily used to move merchandise and, as has been noted, very simple in construction. We hold that the truck or dolly was a simple tool, and that respondent was not negligent in furnishing it for the use of appellant.

Having reached this conclusion, we find it unnecessary to discuss the other questions presented.

The judgment is affirmed.

BEALS, MILLARD, STEINERT, ROBINSON, and JEFFERS, JJ., concur.

BLAKE and MALLERY, JJ. (dissenting)—We do not think that equipment used for hauling heavy articles can be said, as a matter of law, to fall within the rule applicable .to hand tools. We, therefore, dissent.

GRADY, J. (concurring in the result)—I concur in the result, but do not think the simple tool doctrine should be extended to such an instrumentality as the truck or dolly involved in this case. I think the basis upon which an affirmance of the judgment should rest is that it does not appear from the complaint that the truck or dolly was in any way defective, but the real cause of the accident, as disclosed by the complaint, was the manner in which the appellant loaded the bathtub, one side of which was much heavier than the other, onto the conveyor, which had a rounded surface, and in the way the appellant attempted to get it from the surface of the ground onto the concrete floor, all of which was under his own control and left to his own judgment as to how it all should be done. The complaint does not allege any facts showing that the accident was caused by any failure to perform any duty the employer owed to his employee.