FRANK LEITNER, by next friend, Respondent, v. LOUIS GRIEB, Appellant.

Kansas City Court of Appeals, November 9, 1903.

1. MASTER AND SERVANT: Leaving Service: Assumption of Risk: Tools. The rule that a servant is not required to quit the service because the master has failed to furnish safe appliances and that by remaining in the service he does not waive his right to recover for injuries if he has reasonable ground to believe he can safely use the appliances furnished by the exercise of proper care, has no application to the facts of this case.

2. ———: ———: ———: ———: Ability to Perform Work: In-
experience. Where the master directs his servant to perform
certain work and the servant objects because the work is be-
yond his power, and thereupon the master tells him to either
do the work or quit the service, and injuries result from the
servant's inability to do the work, the master is not liable; nor
is he liable where he can not reasonably anticipate and guard
against the danger by the exercise of proper care; nor under
the facts in this case does the youth and inexperience of the
servant fix the liability on the master.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,*
Judge.

REVERSED.

*Harkless, O'Grady & Crysler* for appellant.

The plaintiff, under the undisputed evidence, was
not entitled to recover and the court should have given
a peremptory instruction to return a verdict for defend-
ant, and also instruction No. 2 asked by defendant.
Harff v. Green, 67 S. W. 576 (not reported); Lampson
v. American Ax Co., 58 N. E. 585, 177 Mass. 144;
Worlds v. Railroad, 52 S. E. 646, 99 Ga. 283.

*Kagy & Horn* for respondent.

Filed an extended argument.

BROADDUS, J.—This suit is for damages alleged
to have been sustained by reason of an injury caused
by the negligence of defendant. The answer was a gen-
eral denial and allegations of contributory negligence
on the part of plaintiff and assumption by him of the
risk. The facts given in evidence to support plaintiff's
cause of action briefly stated are as follows:

Plaintiff at the time of the injury was a young man
about eighteen years of age in the employ of defendant
and had been for a while previous to his alleged injury
engaged in handling stone; at the time of his said injury

he and another workman by the name of Smith were required by defendant to remove a large stone to a trench which had been dug for a foundation which defendant with his laborers were then engaged in building; both plaintiff and said Smith suggested to defendant that on account of the great size of said stone they ought to have another man to assist them; that defendant told them to roll the stone into the ditch; that if they could not, "to leave the job"—or words substantially of the same import; thereupon plaintiff and Smith placed the crowbars which they had for the purpose under the stone and endeavored by raising the ends in their hands to move the stone as required; the stone was lying on some loose earth on account of which either plaintiff's bar or the rock slipped; plaintiff had the end of the bar over his shoulder and when the bar or rock so slipped the additional weight thus caused to be thrown upon it caused the said bar to slide down on plaintiff's arm, whereby he was severely injured. There was also evidence that prior to the occasion named a derrick had been used in handling stone, which, however, was not then in a condition to be utilized.

The only question presented is, whether under the proof and the pleadings the plaintiff is entitled to recover?

It is the contention of the plaintiff that the rule of law applies to this case, viz.: That a servant is not obliged to quit the service of his master because he has failed to furnish safe appliances or tools for the performance of his labor or a safe place in which to perform it, and that by so remaining in his master's employment he does not waive his right to recover for injuries received in consequence of a failure of duty in that respect upon the part of the master if he has reasonable grounds to believe that he can safely use such appliances or tools, or safely labor in the place furnished by the master, by the exercise of proper care.

But the facts in proof do not show that either the

crowbar used by the plaintiff or the place where he was engaged at labor was unsafe at the time of his injury. It was not from any apprehension of danger that he and his fellow-workman, Smith, suggested to the defendant that they ought to have another man to help move the stone, but it clearly appears that their demand for additional help was because they believed that they were not strong enough to move the stone into the trench. The injury to the plaintiff was not the result of any apprehended danger but of the effort upon the part of plaintiff and his fellow-workman to accomplish that which was beyond a reasonable exertion of their powers. The cases cited have no application to the facts of this case as neither the safety of the crowbar used nor the place in question had anything to do with plaintiff's injury. The question is therefore one of principle and not of precedent. It is like this: The master directs his servant to perform a certain service; the servant objects because he thinks it beyond his power to perform it alone and unaided, or that he ought to have assistance in the work; the master tells him if he does not choose to undertake it, to quit his service. The servant does, however, attempt to perform the service and is injured, not by reason of any defect in the tools or appliances, or the place furnished for the servant, but because he has undertaken that which he knows is beyond the reasonable exercise of his power. And furthermore, we know of no rule of law that holds the master liable in damage for an injury to his servant that can not reasonably be anticipated and guarded against by the exercise of proper care. Here, the servant assumed the risk. To hold otherwise would be holding that the master is an insurer of the safety of his servant while in his employ. The plaintiff, however, insists that as he was of tender years the defendant was required to exercise a higher degree of care than would have been required of him if he had been a person of mature years and sound dis-

cretion. But the evidence shows that plaintiff was fully seventeen years of age and that he had had some experience at the kind of labor in which he was engaged when injured, and there was nothing to show but that he was as fully aware of the character of the undertaking as was his fellow-workman, Smith.

For the reasons given we do not think the plaintiff was authorized to recover, therefore, the cause is reversed. All concur.