CASE 89.—ACTION BY GEORGE A. BOONE AGAINST THE
LOUISVILLE & NASHVILLE RAILROAD COM-
PANY.—June 8, 1910.

# L. & N. R. R. Co. v. Boone.

Appeal from Jefferson Circuit Court (Common
Pleas Branch, Second Division).

THOMAS R. GORDON, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Re-
versed.

1. Master and Servant—Duty to Warn Servant—Risks of Em-
ployment.—Plaintiff, a youth of 16 or 17, was employed as
helper in the repair of tanks connected to locomotives, in
which work large pieces of steel or iron which were riveted
together were removed from the tanks by a man inside cut-
ting them off after which the pieces were knocked off and
allowed to fall to the ground, and, as plaintiff was coming
around the end of one of the tanks which was being repair-
ed, one of the metal plates so removed fell on his foot.
Held, that the risks were incident to the dangerous work
in which they were engaged, and that plaintiff was not en-
titled to recover on the ground that defendant should have
stationed some one there to warn him of the danger of the
falling metal, or that it was about to be knocked off.

2. Master and Servant—Assumption of Risk.—The danger was
incident to the method of the work, and the risk was as-
sumed.

BENJAMIN D. WARFIELD, CHAS. H. MOORMAN and HELM
& HELM for appellant.

EARL & HUBBARD for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Revers-
ing.

Appellant maintains an engine repair shop at South Louisville, in which its locomotives are placed for overhauling and repairing. One of the departments is set apart in the main for the repair of tanks connected to the locomotives. The tanks are constructed of large pieces of steel or iron plates riveted together. To take them down or to remove a defective sheet the bolts are cut by a man who works on the inside of the tank, and then knocked off and let fall to the ground. Appellee, a youth 16 or 17 years old was employed as helper in doing this work. His duty was to get the rivets or bolts, heat them, and deliver them to a laborer known as a rivet driver. As appellee was coming around the end of one of the tanks which was being repaired, and from which one of the large metal plates was being removed as stated above, he came suddenly within range of the falling piece. It fell on his foot crushing it and permanently injuring him.

In this suit to recover from the employer damages for the injuries so inflicted, he was given a verdict and judgment for a substantial sum. His contention was that he was not furnished a reasonably safe place in which to work, because some one was not stationed there to warn him of the danger from the falling metal, or rather to warn him that it was about to be knocked off. The workmen did not see him and from their position could not. It is not claimed that he was not as well informed of the dangers of the place generally, and was not as familiar with the work, as were the other workmen. It is not a case of an inexperienced and ignorant youth set to work without sufficient instructions as to the hazards of the place. His case is to be treated as if he were an adult so far as the care the employer owed him, and so

far as the care he owed himself, are concerned.  He
knew of the nature of the work and its dangers.  He
assumed, as the other workmen did, such risks as
were incident to the work when done in the ordinary
way.  He must have known that, if he got in the way
of the falling plate, it would hurt him.  There was
plenty of room to keep out of its way.  The place was
dangerous, of course.  In the vicinity of such heavy
falling material it is necessarily a dangerous place to
be situated.  It was dangerous in the sense that cut-
ting down trees in the forest is dangerous.  Safety
lies in keeping clear of the zone of the falling body.
If the employer was required to have a man to notify
appellee of the particular danger, then it would have
been required to keep another man to warn the form-
er, and so on.   The employe must exercise some
care to look out for his own safety in such places if
he undertakes to work in them.  So far, the Legisla-
ture has not provided that the employers shall indem-
nify their laborers against accidents or injuries, nor
does the common law do so, except as to the master's
neglect to do something which the law requires him
to do, or when he does something which the law for-
bids.  The mere fact that the employe sustained an
injury while in the service, and which might have
been prevented even by extraordinary precaution on
the master's part does not justify a recovery in a suit
at law against the master.  Unless the master was
required to keep a lookout for such of its servants as
were required to be about the place assisting in the
work, constantly warning them of what was about to
happen, as each dangerous feature of the work trans-
pired, there was not a neglect of a legal duty by the
master.  The law has not yet so required, and it is
not the province of this court to extend the law so

as to, create a legal duty where none has heretofore existed.    While the painful injury inflicted, and the maimed condition of this youth, excite deepest sympathy, and may in  connection with the great frequency of similar accidents suggest remedial legislation, we are unable to find the law that makes the master liable now.  It was an accident, one of those occurring daily where many are engaged in hazardous work, and the liability to which is  well known, perhaps better known, to the operators than to any one else, yet they undertake the work and chance its dangers, or, as it is so frequently expressed, assume the risks ordinarily incident to it.

As the plaintiff failed to show a legal right to recover from the defendant, the latter's motion for a peremptory instruction should have prevailed.   Reversed and remanded.