### Sinclair's Admr v. Illinois Central Railroad Co.

(Decided October 6, 1910.)

Appeal from Hardin Circuit Court.

Accidental Injury.—Sinclair, a section hand, while engaged in company with other section men, in pulling out an old tie to replace it with a new one, was injured by a pick in the hands of one of the other men; Held, that under the facts the injury was accidental and there can be no recovery.

H. L. JAMES, and IRWIN & IRWIN for appellant.

L. A. FAUREST, BLEWETT LEE, C. L. SIVLEY, TRABUE, DOOLAN & COX for appellee

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In this action to recover damages for personal injuries resulting in the death of J. H. Sinclair, the trial court on the conclusion of the evidence for the plaintiff directed the jury to return a verdict for the defendant. The appellant, who was the plaintiff below, insists that the case should have gone to the jury. So that the only question we need consider is the correctness of the ruling of the trial court in taking the case from the jury.

Only one witness testified as to the manner in which the injuries complained of occurred; and from his evidence it appears that Laslie, the witness, Sinclair, the decedent, and one Simpson were at work as section hands under Prewitt, the section foreman, engaged in taking out old ties and putting in new ones. Prewitt was at the time assisting the other three men, doing the same kind of work they were. The method employed was to first remove all the ballast from around the tie, then draw the spikes and jack up the rails, and when this was done two men would stick their picks in the tie outside of the rail on the side to which it was to be drawn, and two others would stick their picks in the tie between the rails near the far rail. All would then pull together until the picks of those between the rails struck the rails on the side it was being pulled out. At this point, one of the men between the rails would go to the jack under the far rail and let that rail down to its proper place; while the other three men would take a new hold with their picks in the tie on the outside of the other rail and finish pulling the tie out, giving it such an impetus as would throw it away from the track. When the tie had been pulled clear of the far rail, Simpson went to lower that rail, and Prewitt struck his pick in the tie just outside of the rail from under which it was then being pulled, and Laslie and Sinclair stuck their picks in the tie just behind him; then all three of them pulled together to get the tie out from under the rail. As the tie was pulled towards them, and when the point of Prewitt's pick came about even with him, the impetus given it by the moving tie, together with Prewitt's efforts in pulling, caused the point of the pick to come out of the tie and swing behind Prewitt, striking Sinclair. Laslie testified that the top of the tie being pulled out was somewhat decayed, that its condition could be seen, and a pick would not hold in it as well as in sound timber; that it was being pulled out

in the usual and customary way; that it generally happened in pulling a tie out, that when the point of the pick got even with the person using it, it would come out of the tie and swing behind him. He also said that Sinclair had often assisted in doing this kind of work, and so it must be assumed that he knew all the dangers and risks incident to it, and knew that it frequently happened that the pick would come out and swing behind the user of it.

In the brief of counsel for appellant it is said that Prewitt who knew that Sinclair was behind him, was negligent in not trying to prevent the pick from going behind him, in jerking the tie so hard that he was unable to stop his pick, and in sticking the pick in a decayed tie that he should have known would give way under a strong pull. But there is no evidence that Prewitt was handling the pick in an unusual or careless manner, or that he was not giving attention to the work engaged in, or that he did not make an effort to keep the pick from swinging back, or that he gave the tie a hard jerk, or that the fact that the tie was decayed caused the pick to come out. So that, if there was any negligence connected with the transaction it grew out of the fact that the method adopted for pulling out these ties was a negligent one. But if the case for the plaintiff should be put upon this ground, then it is conceded that Sinclair knew as much about the method as did the other men. There was nothing complicated or concealed about it. Sinclair, as well as the others knew the danger that would attend the swinging of the pick behind the person using it; and it seems to us that the injuries received by Sinclair were due to an accident that was one of the ordinary risks of the employment, with which he was well acquainted. His pick, as well as that of Prewitt's, was sticking in the tie; and he, like Prewitt, was pulling at it when the accident happened.

We do not think it a matter of any importance in disposing of the case that Prewitt was foreman. It may be treated as if the foreman was doing what he would have directed one of the other men to do, or, in other words, as if Sinclair had been hurt by one of the employes, who in connection with Sinclair and the others were pulling out the tie in the manner directed by Prewitt. If the appellee company would not be liable in a state of case like this, clearly they could not be liable

merely because Prewitt happened at the time to be doing the work of one of the employes.

The judgment of the lower court is affirmed.