## Stone's Administrator v. Lexington Railway Company.

(Decided January 27, 1914.)

### Appeal from Fayette Circuit Court.

Instructions—Street Railroads—Ordinary Care.—An instruction telling the jury that the intestate was required to use ordinary care, was not prejudicial because it omitted the qualification considering his age, capacity and intelligence; where he was 17 years old, weighed 150 pounds, was a bright intelligent boy, and was killed by running in front of a street car, a danger he well understood.

SAMUEL M. WILSON for appellant.

STOLL & BUSH and ALLEN & DUNCAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Limestone street in Lexington runs north and south; High street runs east and west. The street car line runs on Limestone street, which, as it approaches High street from the south, comes down a considerable grade. At the corner of Limestone and High streets, there is a family grocery. On the night of May 29, 1911, about nine o'clock some half dozen boys, seventeen or eighteen years old, were playing tag at this corner. A grocery wagon with a covered top was standing on Limestone street in front of the grocery. Raymond Stone, one of the boys, ran one of the boys up Limestone street until he touched him, and then turning, ran down Limestone street to the door of the grocery where he touched another boy, and without stopping ran out into the street just behind the grocery wagon; and just as he reached the street car track, which was about ten feet from the curb, was struck by a street car coming down Limestone street. He was knocked down and killed by the car, and this action was brought to recover for his death it being charged among other things, that the car was running too fast and that proper signals of the approach of the car to the street crossing were not given. The jury to whom the case was submitted returned a verdict in favor of the defendant on which the court entered judgment. The plaintiff appeals.

The only question made on the appeal practically is, that the court erred in instructing the jury on contributory negligence. The court instructed the jury in substance that it was the duty of the deceased to use ordinary care for his own safety, and if he failed to do this and but for his own want of ordinary care would not have been injured, they should find for the defendant. He refused to instruct the jury as asked by the plaintiff that the deceased was required to exercise such care for his own safety as a person of ordinary intelligence of the same age, capacity and experience would have ordinarily exercised under like or similar circumstances. The refusal to give this instruction is earnestly complained of.

The deceased would have been seventeen years old in August; he weighed 150 pounds; was well educated; had lived for sometime in the city; was a bright intelligent boy and knew the danger of getting in front of a moving street car as well as a man. There are cases involving hidden dangers that a young person would not appreciate in which the lack of such a qualification of the instruction has been held prejudicial. But this is not one of them. It is more similar to Kelley v. Barber Asphalt Co., 93 Ky., 363; Clifton v. C. & O. R. R. Co., 102 S. W., 247; L. & N. R. R. Co. v. Boone, 138 Ky., 700. The fact is the jury found for the defendant under the evidence because they believed that the unfortunate young man ran out on the track immediately in front of the street car moving down a steep grade, when the proper signals of the approach of the car had been given, and the car was moving at a reasonable speed. The car had stopped on the same square to take on a passenger; the testimony of the servants of the company was supported not only by the passengers on the car, but by bystanders on the street whose testimony was convincing that the death of the young man was simply an accident due to his sudden running out on the track just behind the wagon. Under all the evidence we are satisfied that if the instruction as asked by the plaintiff had been given, it would have had no effect upon the result of the trial. (L. & N. R. R. Co. v. Hardy, 142 Ky., 468; I. C. R. R. Co. v. Moss, 142 Ky., 660.)

Judgment affirmed.