## Isaacs v. Louisville & Nashville Railroad Company.

(Decided December 9, 1915.)

### Appeal from Madison Circuit Court.

Master and Servant—Personal Injuries—Action for Damages—Petition—Sufficiency.—In an action by an employee against a railroad company for damages for personal injuries caused by his being struck by a piece of lumber which he and his fellow workmen were unloading from a car, based on an allegation that the slanting pieces which were used for the purpose of unloading the lumber and the ground were covered with snow and slippery, and that

the lumber which he and others had previously removed was piled too close to him to enable him to escape injury, petition and amendments examined and held not to state a cause of action, because they clearly show that plaintiff, with full knowledge of the conditions and of the danger therefrom, continued at work without any assurance of safety or assurance that the conditions would be remedied and, therefore, assumd the risk of injury.

GRANT E. LILLY for appellant.

WALLACE & HARRISS, BENJAMIN D. WARFIELD and BURNAM & BURNAM for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Silas Isaacs, brought this action against defendant, Louisville & Nashville Railroad Company, to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. The trial court sustained a demurrer to, and dismissed, the petition as amended. Plaintiff appeals.

Omitting the prayer, the original petition is as follows:

"The plaintiff says that within less than twelve months last past he was in the employ of the defendant company, and that the place of work was in the yards of their branch line of the L. & A. Railroad in the City of Richmond, Ky. He says at the time of the happenings of the things hereinafter set forth that he was put to work by the agents and employees of the defendant company at said place in unloading heavy timbers from a railroad car on a side track.

"He says that at the time of the said work that there was a snow on the ground and timbers and it was cold and disagreeable work, and that the same was sleek and was dangerous; and he says that he and his fellow workmen complained of the character of the work and objected to the performance of the same. But he says that notwithstanding his objections that the foreman of the said work ordered and directed and required this plaintiff and his co-laborers to work at said place and to unload the heavy timbers from the said car.

"And the plaintiff avers that while in the performance of the said work that one of the very heavy large timbers slipped by reason of the sleek, slippery condition of the slanting pieces which were placed on the car

·and the ground for the purpose of lowering the afore-
said heavy timbers from the car, and he says that the
said timber caught this plaintiff and broke his right limb
and otherwise bruised, injured and maimed him.  And
he says that from this breaking and other physical in-
juries sustained by him, he suffered great physical and
mental anguish, and that his physical being has been
permanently impaired, and that the injury has rendered
him less able to perform manual labor.

"He says that all of said work was done under the
supervision of the foreman on the ground representing
the defendant company, and was done at his direction
and at his command.

"He says that the method of unloading the timber
was by hand, and that they were not provided by the
defendant company with any suitable timber hooks or
other appliances with which to lift, to move or to hold
said timbers. He says that the same were green pine tim-
ber, 14 inches by 8 inches at the end and 15 feet long,
and heavy and cumbersome.

"He says that the order of the defendant requiring
him to work at said work was wrongful, and that their
failure to provide himself and fellow employes with
proper appliances was gross negligence, and that the
whole conduct of the defendant company at the time and
place of the injury was grossly negligent and wrong-
ful."

The first amended petition is as follows:

"For amendment plaintiff withdraws the statement
made in paragraph 5 in so far as it alleges that there
were no timber hooks or other appliances with which to
lift, hold, or move said timbers, the same having been
made by error.

"For further amendment the plaintiff says that the
place at which he was required to work in unloading the
said timbers was unsafe, and that he and his co-laborers
objected to working at the said place, but that they were
required to do so by the foreman in charge of the work.
And he says that his injury was brought about in addi-
tion to the things set out in the original petition by the
fact of the unsafe place in which this plaintiff was re-
quired to perform his labor.

"The plaintiff says that the place in which he was re-
quired to work was unsafe for the reason that the ground
was rough and irregular and was covered with debris

and was close and crowded and not sufficient room for this plaintiff to avoid the injury brought on him by the falling of the piece of timber, and that the same was covered with snow, which made it sleek and concealed the irregularities and obstructions on the ground, all of which was well known to the foreman in charge of the works, who, notwithstanding the objections of the plaintiff and his co-laborers, required him to work at that place and in the manner described.''

The second amended petition is as follows:

''That he and his co-laborers were working under the immediate direction of the defendant's foreman when they were unloading the timbers named in the petition. He says that this car of timber contained about 100 pieces and that the crew had removed all of the pieces from the car except three without mishap, and that when they were removing this third piece of timber, the foreman of the defendant company was on the car immediately in front of the plaintiff giving directions to the plaintiff and the other members of the crew as to how the piece should be held and moved, especially the part that the plaintiff should take in moving the said timber. And the plaintiff says that in obeying the directions of the foreman, his attention was called to and centered on the exact work that he was required to perform, and that he did not know and did not realize the dangerous position that he was in; and he says that he was relying entirely on the foreman to look after his safety and not to require him to perform work in a dangerous manner, and that he would not require this plaintiff to occupy a dangerous position.

''And he says that he, the plaintiff, was placed in a position that he could not see the surrounding timbers which were in his rear and to his side, and did not know that the timber which they were moving came so close to the ends of the timber which had been piled up and was to the left hand side and the rear of the plaintiff as he was standing when he was performing the work which defendant's foreman required him to perform.

''He says that the ends of the timber did not come off of the car and could not be piled with a regular smooth surface, but they were irregular and some projected further than others and made the space which this plaintiff had to occupy more contracted. And he says that when this piece of timber was taken from the car it pro-

·truded so·far to the left that it did not·give sufficient ·room for the plaintiff to avoid the same, all of which could and ought to have been known by the foreman in charge of the work, but which this plaintiff as before stated could not observe and did not observe, and the injury was thus brought on the plaintiff by the gross carelessness of the foreman in the manner in which he required the work to be performed as well as the other conditions complained of in the petition and amended petition.

"This plaintiff says that he was exercising due care for his own safety, and further alleges that other men of discretion were working at the same time and doing the same character of work as himself. And he further says that he was relying on the care and caution, prudence and skill of the foreman in charge of the said work, and that he was placed as before stated in such a position that he could not see all of the surrounding circumstances and could not exercise any greater care for his safety than he did. And furthermore this plaintiff says that the work was not of such an obviously dangerous character as to suggest to him that he was reckless as to his own safety in undertaking to discharge it."

Omitting the allegation that defendant failed to furnish plaintiff with suitable appliances for unloading the timber, which allegation was subsequently withdrawn, we find that plaintiff, in his original and amended petitions relies for recovery on the following facts:

He, with other employes, was engaged in unloading heavy timbers, 15 feet long and 14 inches by 8 inches at the end. There was a snow on the ground and timbers and the timbers were sleek and dangerous. He and his fellow workmen complained of the work, but were required by the foreman to continue at work. Ninety-seven of the timbers were removed from the car without mishap. While the ninety-eighth piece was being unloaded, it slipped by reason of the sleek, slippery condition of the slanting pieces, which were placed on the car and the ground for the purpose of lowering the timber, and injured plaintiff. In the first amended petition it is alleged that the place where plaintiff was required to work was unsafe, because the ground was rough and irregular and was covered with debris and was so close and crowded that plaintiff did not have sufficient room to avoid the injury. It is also alleged that the ground was

covered with snow, which made it sleek and concealed the irregularities and obstructions on the ground.

In the second amended petition it appears that the ninety-seven timbers that were unloaded from the car were placed on the ground by plaintiff and his fellow workmen. Because of plaintiff's having his mind on the work which he was required to do, he did not know that the ends of the timbers, which had been piled up in his rear, were so close to him. When the piece of timber that injured him was taken from the car it protruded so far to the left that it did not give sufficient room for plaintiff to avoid the same. Though claiming that he was exercising ordinary care for his own safety, plaintiff says that he was relying entirely on the foreman. While plaintiff alleges that he and his fellow workmen complained to the foreman about the dangerous character of the work and the danger of their surroundings, he does not claim that the foreman assured him that the place was safe or that the conditions would be remedied. While he alleges that the ground was covered with snow, which concealed the inequalities of the ground, he nowhere alleges that these conditions brought about the accident. Reduced to its final analysis, plaintiff's whole case rests on the claim that the slanting pieces which were used in unloading the lumber were slippery, and that the lumber which had been unloaded was piled too close to him to enable him to escape the injury. It is by no means clear from the pleadings that plaintiff's injury was caused by the fact that the pieces of lumber that had been removed from the car were piled too close to him, but, assuming that it was, plaintiff cannot complain of that, because he and his fellow workmen piled the lumber and made the place unsafe, if it was unsafe. Then, too, if the slanting pieces were slippery, plaintiff knew this fact as well as anybody else. Indeed, everyone is charged with knowing those things that are right before his eyes. Everyone knows that if a timber is being lowered from a car to the ground on slanting pieces, the timber will fall of its own weight if not properly held, and if the slanting pieces have snow on them the timber will be likely to slip. It would be difficult to imagine a clearer case of assumed risk than that presented in plaintiff's pleadings. All the conditions were before his eyes. He admits that he knew of the danger and made complaint to the foreman. With full knowledge of the condi-

tions and of the danger therefrom he continued at work without any assurance of safety or assurance that the conditions would be remedied. It follows that the trial court did not err in sustaining the demurrer to the petition as amended. H. G. Nunnelley Co. v. Prather, 157 Ky., 157; Wilson v. Chess & Wymond Co., 117 Ky., 567.

Judgment affirmed.