## Central Kentucky Gas Company v. Cantrell.

(Decided February 11, 1919.)

## Appeal from Johnson Circuit Court.

1. Master and Servant—Liability for Injuries to Servant.—One who is engaged to shovel dirt from a ditch and over exerts himself and is injured, can not recover damages of the master because the servant is the best judge of his physical strength.

2. Master and Servant—Liability for Injuries to Servant.—The fact that the master assured the servant that he could lift the dirt from the bottom of the ditch and cast it upon the surface of the ground and that the servant, though protesting, returned to the work and was injured by overtaxing his strength, does not further the cause of the servant for the reason that the servant is better able to judge his own strength than is the master to judge the strength of the servant.

J. K. WELLS, W. B. WHITE and HAZELRIGG & HAZELRIGG for appellant.

VAUGHAN & HOWES for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

The Central Kentucky Gas Company was engaged in excavating a deep ditch for the purpose of lowering its pipe line at a certain point in Johnson county, and appellee, Cantrell, with a number of other men, was aiding on the work. While so engaged Cantrell asserts that he so exerted and strained himself in his side and abdomen as to cause hernia, which has practically destroyed his power to perform labor and earn money. This action was instituted in the Johnson circuit court against the gas company to recover damages for the injury, and a trial resulted in a verdict and judgment for $2,500.00 in favor of Cantrell, and the gas company appeals.

The tools with which Cantrell worked consisted of a common pick and a long-handle shovel. The ditch was about three feet wide at the top, ten or twelve feet deep and about 18 inches wide at the bottom. Cantrell commenced to work at the surface, and he and two companions jointly sank the ditch to the depth at which he was working at the time of his injury. He was standing on the bottom of the ditch using an ordinary long-handle shovel with which he was throwing the dirt out of the ditch on the top of the ground. There was no platform or other arrangement in the ditch for relaying the dirt, and this is the chief ground of Cantrell's complaint, because, he says, the plan adopted for the work by the master was not reasonably safe and not the method usually employed by reasonably prudent persons engaged in similar work. No complaint is made of the tools, or of the working place, except as aforesaid, and it would, therefore, appear that appellee Cantrell based his claim for damages upon the alleged negligence of the company in failing to provide platforms or other relay in the ditch upon which the dirt might be cast, and again taken up and thrown to the surface.

The gas company insists that the trial court erred to its prejudice in failing to sustain its motion, made at the conclusion of plaintiff's evidence and again at the conclusion of all the evidence, for a peremptory instruction to the jury to find and return a verdict for it, and this is the principal ground upon which it seeks a reversal of the judgment. If, as it contends, the facts of this case bring it within the rule that a servant is the best judge of

his own physical strength and the duty is on him not to overtax it, and if he misconceives the amount of strength required to accomplish a task given him, and overstrains himself, the master is not liable, then the court should have sustained its motion for peremptory instruction to the jury to find and return a verdict in its favor.   While Cantrell testifies that he complained to the boss in charge of the work that the work was too hard and that scaffolds should be arranged in the ditch for relaying the dirt, and that the master assured him that he could do the work, and directed him to return to it before the injury, it appears that the injury which Cantrell sustained resulted from his attempting to lift more dirt on his shovel than he was physically able to lift to so great a distance, or from attempting to make a reaching lift beyond his strength. No one directed Cantrell how much dirt to lift with his shovel, and he was not required to take any particular quantity of dirt with any one motion of his shovel.   Cantrell was the judge of the amount of dirt which he should gather on his shovel and lift to the surface.   As the distance was great, it was Cantrell's duty to lift only so much dirt as his physical strength would admit without injury to himself.   Having sunk the ditch from the surface, Cantrell knew more about the exertion required to lift the dirt from the bottom of the ditch to the surface than did the foreman, who had not worked in the ditch. It appears, therefore, that the rule applied in the case of Cumberland Pipe Line Company v. Strong, 175 Ky. 838, and the more recent case of Harris v. C. N. O. & T. P. Ry. Co., 176 Ky. 846, controls this case.   In the Cumberland Pipe Line Company case it was held that a workman who is injured in performing a duty ordered to be done by his superior, because of lack of physical strength, can not recover damages for injuries sustained thereby under the rule that there is no assumption of risk on the part of the servant in obeying an order of the master to do a particular thing, because the law, assuming that with respect to his physical strength the servant possesses a superior knowledge to that of the master, places upon the servant the duty of knowing his physical strength and of not overtaxing it.

In the case of Harris v. C. N. O. & T. P. Ry. Co., this court held that a servant is the best judge of his own physical strength, and the duty is on him not to overtax it; if he misconceives the amount of strength required

to accomplish the task given him, and overstrains himself, the master is not liable. To the same effect are the following cases: Sandy Valley & Elkhorn Ry. Co. v. Tackett, 167 Ky. 756; L. & N. R. R. Co. v. Sawyers, 169 Ky. 671; Wilson v. Chess & Wymond Co., 117 Ky. 567; L. & N. R. R. Co. v. Boone, 138 Ky. 700; H. G. Nunnelley v. Prather, 157 Ky. 157; L. & N. R. R. Co. v. Williams, 165 Ky. 393; 18 R. C. L., sec. 187

The master is sometimes held liable for injury to the servantwhenthe master assures the servant that the place of work is safe, or that the tools or implements are in good condition, and this liability is rested upon the master's superior knowledge of the facts and conditions, but the master does not know and has no means of knowing the physical strength or endurance of a servant, except as he sees the servant exert it, yet the servant knows precisely his strength and when it is safe for him to undertake to do a certain work which requires exertion, and in such case the master is not made liable because of the assurance of safety, for the reason that the master does not possess superior knowledge, but that knowledge is in the possession of the servant.

The court erred in failing to direct the jury to find and return a verdict for the appellant company, and if upon another trial the evidence is in substance the same as upon the last trial, a motion for peremptory instruction by the defendant should be sustained.

Judgment reversed.