## Hines, Director General of Railroads v. Cox.

(Decided June 21, 1921.)

### Appeal from Bell Circuit Court.

1. Master and Servant—Injuries to Servant—Assumption of Risk.— The statement that a servant never assumes risks arising from a master's negligence is too broad, the correct statement of the rule being that the servant never assumes risks growing out of the master's negligence unless he knows of the failure of duty and consequent danger, or the failure of duty and the danger therefrom are so obvious that an ordinarily prudent person in his situation would have observed the one and appreciated the other.

2. Master and Servant—Liability for Injuries—Overtaxing Strength —Failure of Master to Furnish Sufficient Force to Do the Work—

Assumption of Risk.—Though the master fail to furnish a suffi-cient force to do the work, a servant engaged with others in lift-ing steel rails assumes the risk if he knows, or it is plainly ob-vious to a person of ordinary prudence in his situation, that, be-cause of the lack of a larger force, he is being subjected to a severe strain and nevertheless continues the work and suffers an injury from overstraining.

BENJAMIN D. WARFIELD and WILLIAM LOW for appellant.

N. J. WELLER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Claiming that while engaged in lifting steel rails for the Louisville & Nashville Railroad Company, he suffer-ed a hernia, which was due to the negligence of the com-pany in failing to furnish a sufficient force to do the work, plaintiff, George Cox, brought suit against the Director General of Railroads to recover damages. From a verdict and judgment in his favor for $1,000.00, the defendant appeals.

The facts are as follows: Plaintiff was fifty years of age and was working for the company as a section hand. Though he had worked in that capacity at various inter-vals for a number of years, he had been employed only a few days when the accident occurred. On the morning of the day the accident occurred, the foreman directed the section crew to load on push cars a quantity of steel rails that were lying on the ground strung along the track. After the cars were loaded, the men pushed them to Col-mar, a distance of about two miles, where the rails were unloaded. The crew consisted of eight men, besides the foreman. Seven men were engaged in loading the rails and shoving the trucks, four men being at one end, and three, including the plaintiff, being at the other end. The plaintiff took this position voluntarily because it was im-possible to divide the men equally. The eighth man was out flagging. The foreman was at Colmar most of the time, where he assisted in unloading and measuring the rails. Plaintiff weighed about 160 pounds. He knew nothing of the length or the width of the rails. He says that some of the rails were partly buried from two to three feet below the grade of the railroad track, and that the beds of the trucks on which the rails were laid were about two feet above the track. For a portion of the way they had to carry the rails up hill. It required stiff lift-ing to get the rails up, and several times he lifted all he could pack and go along with it. While he worked be-

tween Cross and Colmar he felt some effects 'from the lifting, but could not say what time in the day it was. When he commenced hurting, he experienced a keen pain in his groin and in his right side. He was engaged in lifting when he experienced the pain and the pain continued to grow worse, but he finished his day's work. Later on it developed that he was suffering from a hernia. The foreman was not present at the time he was injured, and the sub-foreman assisted the other men in doing the work. Neither he nor any of the men complained of the fact that the work was too heavy, nor did he complain to those present of the injury which he had received. John Hendrickson, who was a member of the crew and acted as assistant foreman in the absence of the foreman, had worked for the Louisville & Nashville railroad for fifteen or sixteen years. The rails they were handling were old steel rails, some being thirty-three feet and others less than that. New thirty-three feet rails weigh 770 pounds, but old rails weigh less. In his opinion, the seven men he had at work were not sufficient to handle the rails with safety. There should have been eight or ten for safety. He could hardly say what was the usual force for doing that work. Sometimes they used more and some times less force. He had seen rails loaded with less force. Hamp Peace, a member of the crew, testified that in lifting the rails, four at one end and three at the other, it required pretty stiff lifting and was about all that he could go with. In describing the character of the work, Will Bustle, another member of the crew, said: "It took hard lifting all around. It is straining work. Any one knows that." He further stated that pushing the cars after the rails were loaded was pretty heavy work.

It is the settled rule in this state that a servant is the best judge of his own physical strength, and the duty is on him not to overtax it. Therefore, if he misconceives the amount of strength required to accomplish a task and overstrains himself, the master is not liable. Sandy Valley & Elkhorn Ry. Co. v. Tackitt, 167 Ky. 756, 181 S. W. 349; L. R. A. 1916D, 445; Central Ky. Gas Co. v. Cantrill, 183 Ky. 291, 209 S. W. 1. However, it is insisted that the rule is not applicable to the facts of this case, because there was evidence that the master had furnished an insufficient force to do the work, and that being true, plaintiff did not assume the risk as it was caused by the master's negligence. It is sometimes said

that a servant never assumes risks arising from the master's negligence, but this statement of the rule is entirely too broad.    Correctly stated, the rule is that the servant never assumes risks growing out of the master's negligence unless he knows of the failure of duty and consequent danger, or the failure of and the danger therefrom are so obvious that an ordinarily prudent person in his situation would have observed the one and appreciated the other.    Carter Coal Co. v. Howard, 169 Ky. 87, 183 S. W. 244; Chesapeake & O. Ry. Co. v. De Atley, 159 Ky. 687, 167 S. W. 933; Chesapeake & O. Ry. Co. v. De Atley, 240 U. S. 60 L. Ed. 1016. It will be observed that this is not a case where the rail slipped and fell because the force was insufficient to carry it. Illinois C. R. Co. v. Langan, 116 Ky. 318, 76 S. W. 32. Nor is it a case where the plaintiff was suddenly subjected to an unexpected strain.    L. & N. R. R. Co. v. Mahan, 113 S. W. 887.    Though plaintiff did not know exactly when he received the injury, he did know where he was at the time, and his evidence shows that he was some distance from the place where the loading was being done.    It is clear, therefore, that he and the other men had loaded several rails before the injury was received.    Though he says that he did not know of the danger, he admits that he knew it was heavy lifting and was about all that he and the other men could do.    While appreciation of the danger is an essential element in the assumption of risk, it is not necessary in a case of this kind that the servant should anticipate the particular consequences that actually result, but the rule applies if he knows, or it is plainly obvious to a person of ordinary prudence in his situation, that because of the lack of a larger force, he is being subjected to a severe strain and nevertheless continues the work.    Where these circumstances prevail, the case is simply one where the servant knowingly overstrains himself, and cannot be distinguished in principle from cases where the servant is working alone. Stenvog v. Minnesota Transfer R. Co., 108 Minn. 199, 121 N. W. 903, 25 L. R. A. (N. S.) 362; Manore v. Kilgore-Peteler Co., 107 Minn. 347, 120 N. W. 340; Haywood v. Galveston H. & S. A. R. Co., 38 Tex. Civ. App. 101, 85 S. W. 433; Texas & P. R. Co. v. Miller, 36 Tex. Civ. App. 240, 81 S. W. 535.    It follows that defendant's motion for a peremptory instruction should have been sustained.

Judgment reversed and cause remanded for new trial consistent with this opinion.