## McGaughey v. Hines, Director General of Railroads.

(Decided December 16, 1921.)

## Appeal from Anderson Circuit Court.

1. Master and Servant—Negligence—Appliances.—A railroad cross-tie, which is not in the track or otherwise in use, is not an appliance within the meaning of the federal statute · making railroads liable to employes injured by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, roadbed, trucks, bolts, wharves or other equipment, and a sun crack or splinter on the side of a crosstie is not a defect in an appliance within the meaning of said act.

2. Master and Servant—Assumption of Risk.—A section hand on a railroad whose duty it is to handle crossties impliedly assumes all the ordinary and obvious risks of danger incident to the employment and this includes splinters and sun cracks in and on crossties.

L. H. CARTER, STANLEY TRENT and EDWARDS, OGDEN & PEAK for appellant.

HUMPHREY, CRAWFORD & MIDDLETON and WILLIS, TODD & BOND for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The judgment dismissing appellant McGaughey's petition was entered on a directed verdict in favor of the Director General of Railroads on his motion made at the conclusion of all the evidence. McGaughey appeals. It may be conceded that appellant was engaged in interstate commerce at the time of his injury, for he was a section hand assisting in repairing the main track of the Southern Railway in Kentucky, an interstate system of railroad lines extending into and through many states, including Kentucky. He and another man were unloading crossties from a flat push car on the track; on the car were some fifteen or twenty ordinary crossties, which, being laid crosswise, extended over the edge of the flat car about eighteen inches on either side. The ties were of oak and of the usual dimensions. The section gang were removing old ties from the roadbed and putting new ones in their places. The foreman went in front and marked the ties in the track to be removed and appellant McGaughey and his buddy were directed to and were engaged in dropping new ties from the push car at every place marked by the foreman. His buddy would push

a tie across the car toward the appellant and appellant would then pull it over the car and drop it to the ground. At the time of appellant's injury the tie had been pushed to the side of the car next to appellant before appellant took hold of it. The end of the tie extended about three feet over the edge of the car next to appellant. The other end of the tie was on top of the car and appellant's buddy had turned away from the tie to get another tie. When appellant took hold of the tie to pull it off the car it was unattached, loose and no other person was touching it. In and on the end of the tie next to appellant was a sun crack or splinter which projected slightly from the side of the tie. This splinter caught in the overall jacket of appellant McGaughey when he undertook to drag the tie from the car and when he dropped the tie or as he was pulling it off the car he was caused to and did fall backward down the grade slope on to a pile of bridge timbers, fracturing his hip bone and otherwise injuring him, for which he brings this action to recover damages.

The motion of the defendant for a peremptory instruction in his favor as Director General of Railroads made at the conclusion of all the evidence was but a demurrer to the evidence challenging the sufficiency thereof to entitle plaintiff McGaughey to have his cause submitted to the jury. We think the trial court properly sustained that motion, for appellant admits that he had been engaged as a section hand handling crossties and doing track work for a number of years and that he saw or by the exercise of reasonable care could have seen the splinter or sun crack in the end of the crosstie before and at the time he took hold of the tie. There was nothing new, strange or dangerous about the tie. He had handled many such before. The process of pulling a crosstie from a flat push car in the way and manner appellant was doing the work was so simple, natural and common that he did not need or require instruction from his foreman, but could see and understand the whole process as well as any other man on the job. It did not require skilled labor. If he pulled the tie up against himself so as to cause the splinter or sun crack in the tie to stick into his overall jacket and he dropped the tie without disengaging his coat therefrom, he alone is to blame, not the railroad nor the Director General.

As this action is under the federal law it is insisted for appellant McGaughey that the tie was an appliance within the meaning of the Congressional act allowing a

recovery of damages by an employe of a railroad when the injury of which he complains is brought about "by reason of any defect or insufficiency due to its negligence in its cars, engines, *appliances,* machinery, track, roadbed, trucks, bolts, wharves or other equipment." In support of this insistence it is asserted that the splinter or sun crack on and in the tie was a defect in the tie, which tie was an appliance, therefore the injury of appellant was by reason of the defect in an appliance. The federal employers' liability act relieves a plaintiff from the defenses of contributory negligence but not from assumed risk. C. & O. R. R. v. DeAtley, 159 Ky. 687; Glenn v. C., N. O. & T. P. R. R. Co., 157 Ky. 453; Truesdell v. C. & O. R. R., 159 Ky. 718  The railroad or the Director General may yet interpose the defense of assumed risk, that is, the employe engaging in track work impliedly assumes all the obvious risks of danger inhering in and ordinarily incident to the work which he undertakes to perform, but never the risk or danger arising from the negligence of the defendant or his fellow servants. When one undertakes to perform the duties of a section hand and to handle crossties he impliedly assumes all risk of the inseparable and inhering danger ordinarily incident to that work such as splinters or sun cracks in a crosstie, for every wooden crosstie has more or less splinters and sun cracks. Men of ordinary experience know this. Such things are not regarded as dangerous by the common run of mankind. We all know how to handle and deal with such trivial matters. If appellant had picked up the crosstie and inadvertently dropped it on his foot and inflicted an injury his cause of action against the Director General would have been just as strong as in the present case. Here he inadvertently drew the tie with the sun crack or splinter in it so vigorously against his coat as to cause the splinter to hang therein, which hanging of the splinter caused his fall, resulting in his injury. He says, over and over, in his evidence, that his buddy, Grant Green, who had pushed the tie across the top of the push car was not to blame for the splinter hanging in appellant's coat, or his injury.

We have held that a spikemaul, T rail, chisel, crowbar, wheelbarrow, shovel, pick, chopping axe, and other such tools and instrumentalities are embraced in the class and governed by the rule known in Kentucky as the *simple tool rule.* There is nothing more complicated about a crosstie than in the simplest of these. Clearly, we think

when appellant McGaughey engaged to perform the duties of a section hand and to handle crossties, a work with which he was familiar, he impliedly assumed all the ordinary risks of danger incident to the business, which included the danger, if any, arising from such cracks or splinters on crossties.

Perceiving no error to the prejudice of appellant, the judgment is affirmed.