# Tosh v. Illinois Central Railroad Company and Harper.

### (Decided July 1, 1924.)

## Appeal from Caldwell Circuit Court.

1. **Master and Servant—Risk of Lfiting Rail Without Sufficient Help Assumed.—**A section hand lifting rail without sufficient help, and injuring muscles of his back and hips, held to have assumed risk, even though he did not know of danger.

2.   Master and Servant—Simple Tool Rule Applied to Lifting Rail.—
     A section hand assisting in lifting a T-rail was bound to notice
     length and weight of rail, and cannot say that he did not know
     rail was so long and heavy; T-rail being embraced in class gov-
     erned by simple tool rule, requiring an employee to notice danger,
     if there is any, in handling such tools.

R. W. LISANBY for appellant.

JOHN C. GATES, R. V. FLETCHER and TRABUE, DOOLAN,
HELM & HELM for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellant, Walter Tosh, had been employed for
about four years by the appellee railroad company as a
section hand, prior to May 8, 1922, and for the last two
years of that time was a member of the crew of which the
appellee, T. E. Harper, was foreman.    Claiming on that
date to have injured the muscles of his back and hips
in assisting to load a 30-foot T-rail on a hand car, as
directed by his foreman Harper, and that his injuries
resulted from the failure to furnish him sufficient help
for the purpose, he instituted this action against the rail-
road company and Harper for damages.    Upon the trial
and at the conclusion of his evidence, a verdict was
directed for the defendants, and from the judgment
entered thereon dismissing the petition, he has prose-
cuted this appeal.

Assuming, but not deciding, that there was proof of
negligence upon the part of the defendants in failing to
furnish enough men for the task, we are yet of the opin-
ion that, according to plaintiff's own proof, he knew as
much about the danger, if any, involved in lifting the
rail as any one, and being the best judge of his own
strength, assumed the risk.

The rail about which the complaint is made was 30
feet in length and weighed about 850 pounds.    Plaintiff
and the foreman lifted one end from the ground first, and
then three other members of the crew raised the other
end to the same height, and the five carried the rail a
distance of three or four feet and placed it upon a hand
car.    Several shorter rails had just been loaded in the
same way.

Plaintiff says he knew the weight of a rail of that
length, that he had never seen less than six men, three
at each end, attempt to lift one, and that in his judgment
from his four years' experience in work of that kind,

there ought to be at least eight men, or four at each end of the rail, for such work.

If this had been all of his evidence, it is perfectly clear and is practically conceded by his counsel, that plaintiff would have assumed the risk under the many decisions of this court holding that a servant is the best judge of his own physical strength, and is duty bound not to overtax it voluntarily. Recent cases of this class are: Williams v. Kentucky River Power Co., 179 Ky. 577, 200 S. W. 946; Hines v. Cox, 192 Ky. 94, 232 S. W. 373; and McGaughey v. Hines, etc., 193 Ky. 312, 235 S. W. 742, which cite many earlier cases to the same effect.

But counsel seeks to distinguish this case from those because of plaintiff's testimony that, acting under the direct orders of his superior, he lifted the 30-foot rail after lifting several shorter ones and without noticing its length until after he and the foreman had raised one end of it, and that it was then too late to protest or let loose of the rail or retire from the undertaking without endangering the safety of the other members of the crew.

This testimony, however, is wholly and plainly insufficient for such purpose. In the first place, it is obviously not true that it was too late for plaintiff to protest or retire from the undertaking after discovering the length of the rail without injury to the rest of the crew, for he must have known as soon as he attempted to lift it that it was much heavier and longer than the others he had helped load.

Besides, the rule applies not only when the servant knows of the danger, but also when "it is plainly obvious to a person of ordinary prudence in his situation," as was held in Hines v. Cox, *supra,* and as is the case here.

Then again, as was stated in the last of the three cases, *supra,* a T-rail, such as was involved here, is "embraced in the class and governed by the rule known in Kentucky as the 'simple tool rule,'" as clearly it is; and by that rule, the employe is bound to notice the danger, if any there be, in handling or using such tools. It is therefore idle for plaintiff to say he did not look at or know all there was to know about it.

None of the cases cited in brief by counsel for appellant support his contention because of material differences in the facts, but there are entirely too many of them for us to attempt to distinguish them separately.

Judgment affirmed.