## BAKER v. STERRETT OPERATING SERVICE, Inc.

### No. 4895.

Court of Appeals of District of Columbia.
Argued March 3, 1930.
Decided April 7, 1930.

Abraham Shefferman, Max H. Aronson, and Alfred M. Schwartz, all of Washington, D. C., for appellant.

Lucius Q. C. Lamar, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and GORDON, Associate Justice of the Supreme Court of the District of Columbia.

MARTIN, Chief Justice.

An appeal from a judgment in favor of the defendant below, now the appellee, based upon an order sustaining a demurrer to the declaration.

The allegations of the declaration are to the effect that on January 23, 1928, and for a short time prior thereto, the plaintiff was employed by the defendant company as an apprentice painter, working under the direction of defendant's foreman in the painting department, his duties consisting of raising on jacks and painting the chassis of automobile trucks; that on the occasion in question a large ice cream truck quite different from anything that plaintiff had worked on before came in, and plaintiff was directed and commanded by the foreman to raise the chassis with a certain ratchet jack, which, in fact, was too small and inadequate for the work; that plaintiff was assured by defendant's foreman that he could safely make use of the jack without injury to himself, although at the time the foreman well knew that the jack was inadequate to lift the chassis without requiring plaintiff to exert unusual pressure and thereby injure himself; that, in ignorance of the weight of the chassis and the amount of pressure necessary to be exerted with such a jack, and relying upon the superior judgment and assurance of safety of the foreman, plaintiff proceeded in obedience to his command to lift the chassis with the small jack thus furnished him, "thereby unconsciously exerting great and unusual physical pressure, and did thereby unknowingly exert greater physical pressure than he was capable of without injury to himself," and by reason of such overexertion sustained a hernia, to his great injury, for which he prayed judgment in damages.

The defendant demurred to the declaration upon the ground: (1) That it failed to state a cause of action against defendant; (2) that it disclosed an assumption of risk by plaintiff; and (3) that it also disclosed contributory negligence on plaintiff's part. The court sustained the demurrer, whereupon the plaintiff elected to stand upon his declaration. Judgment was entered accordingly, and this appeal was taken.

In our opinion the ruling of the lower court was right. It is not claimed by the plaintiff that there was any defect in the construction or condition of the jack which he used at the time of the accident. Nor did the jack fail to operate as it should. The declaration implies that plaintiff succeeded in lifting the chassis by means of the jack, but did not realize at the time that he was exerting unusual physical effort in doing so, for it is stated that he unconsciously exerted great and unusual physical pressure in operating the jack, and thereby unknowingly exerted greater pressure than he was capable of without injury to himself. It appears, therefore, that the cause of plaintiff's injury was his own overexertion or strain while engaged in his employment, and that had he not thus overexerted himself he would not have sustained the injury of which he complains.

The subject of injuries sustained by employees from excessive exertion or overstrain while engaged in their employment has been often before the courts, and the general rule stated by the authorities denies that the master is liable in damages therefor.

In 39 C. J. p. 766, the rule is stated as follows: "A servant assumes the risk of physical injury to himself sustained by reason of his overtaxing his strength or powers of endurance in doing the work for which he is employed, when the occasion presents no emergency requiring hasty action."

The same rule is stated in 25 L. R. A. (N. S.) 362, as follows: "It is a general rule that a servant who injures himself by overstraining his muscles in overexerting himself in lifting weights, etc., cannot hold his master liable, as he himself must be the judge of his own strength; and this is so even if the work is attempted at the immediate direction of the master. Even in such cases the servant is deemed to have assumed the risk."

In Ferguson v. Phœnix Cotton Mills, 106 Tenn. 236, 61 S. W. 53, a servant was injured by overstraining in attempting to lift the wheel of a heavy truck out of a hole which was a defect in the master's floor. The court ruled that he could not hold the master liable for overexerting and straining himself, as he was the best judge of his own lifting capacity, and the risk was upon him not to overtax it.

In Worlds v. Georgia R. Co., 99 Ga. 283, 25 S. E. 646, the syllabus by the court reads as follows: "Where an employee of a railroad company, in the discharge of his duties, is directed to lift and carry an ordinary object, like a cross-tie, he is bound to take notice that it is heavy, and that a certain amount of physical strength will be required

to accomplish the task; and if he misconceives the amount of physical strength to be exerted, and overstrains himself in lifting the tie, and is thereby injured, the master is not liable. The fact that he was acting under the orders of a superior at the time does not alter the question, even though he might have had reason to believe that disobedience of the order would result in his dismissal."

See Roberts v. Indianapolis St. Ry. Co., 158 Ind. 634, 64 N. E. 217; Leitner v. Grieb, 104 Mo. App. 173, 77 S. W. 764; Matson v. Hines, 63 Mont. 214, 207 P. 474; White v. Owosso Sugar Co., 149 Mich. 473, 112 N. W. 1125; Ehrenberger v. Chicago, R. I. & Pac. R. Co., 182 Iowa, 1339, 166 N. W. 735, 10 A. L. R. 1388; Anderson v. Smith, 35 App. D. C. 93; Fidelity Storage Co. v. Hopkins, 44 App. D. C. 230; Dean v. H. Koppers Co., 49 App. D. C. 230, 263 F. 626; Tosh v. Illinois Cent. R. Co., 204 Ky. 363, 264 S. W. 754; Kampeen v. Chicago, etc., Co., 152 Minn. 445, 189 N. W. 123; Stenvog v. Minn. Transfer R. Co., 108 Minn. 199, 121 N. W. 903, 25 L. R. A. (N. S.) 362, 17 Ann. Cas. 240.

We have examined the authorities per contra cited by the appellants, but we are convinced that the greater weight of authority and the better reason favor the rule herein stated.

The judgment appealed from is affirmed, with costs.