## Chesapeake & Ohio Railway Company v. Music.

(Decided April 26, 1932.)

BROWNING & DAVIS and KIRK & WELLS for appellant.

BLAIR & HARRINGTON for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

The appellee, Heber Music, was ruptured, while unloading cross-ties for his employer, the appellant, and has recovered judgment for $675 against it for those injuries.

The ties had been shipped in a gondola car to the point where the accident occurred. The method used in unloading them was for two men to lift one end of the tie and place it on the edge of the car, and the appellee would raise the other end and lift it around or shove it over the side, letting it fall to the ground. The ties had

notches or channels cut across them about 18 inches from each end for the purpose of holding steel plates carrying the rail. Those channels were from one-eighth to one-half inch in depth. While Music was thus working, the notch of one of the ties caught on the side of the car and suddenly stopped its movement, causing the appellee's body to violently strike the end of the cross-tie, resulting in a rupture. The plaintiff was an experienced laborer, and had been working as a section hand for about three months. However, he testified that he had had no previous experience in unloading cross-ties. It is shown that this was a regular customary way of handling them.

The negligence of the company is charged to have been that fellow servants placed the face side of the tie down instead of up, knowing that the notch or channel was in it and liable to catch on the car, while the plaintiff did not know and could not see that it was so placed. Also, that the company failed to supply sufficient help in the work, and that the plaintiff was obeying the orders of his superior. It was also pleaded that the plaintiff and the defendant were at the time engaged in commerce, which pleading was for the purpose of bringing the case within the State Employers' Liability Act (section 820b-1 et seq. Kentucky Statutes) which abolished in part the fellow-servant doctrine and the defenses of contributory negligence and assumed risk where the employee of a railroad engaged in commerce is injured or killed. McGaughey v. Hines, Director General of Railroads, 193 Ky. 312, 235 S. W. 742. Those defenses were set up. It is not necessary to decide whether there was any negligence upon the part of the company through its agents and servants, or whether the appellee was engaged in commerce within the contemplation of the Employers' Liability Act, for there was no violation by the company of any statute enacted for the safety of employees, and it is only when there was such a violation and it contributed to the injury or death of the employee, that the defense of assumed risk is denied. Section 820b-3, Kentucky Statutes. Consequently the defense of the assumed risk was available. Pruitt v. N. & W. Ry. Co., 188 Ky. 204, 221 S. W. 552. In the McGaughey case, supra, a section hand was injured while unloading cross-ties from a push car, when his clothing caught in a sun crack or splinter and he was caused to fall. Elaborating upon the simplicity of such work and the common and

obvious danger incident to such labor, it was held that a motion for a peremptory instruction in behalf of the defendant was properly sustained. Another case where injury was suffered in handling cross-ties and the same conclusion was reached is Cincinnati, N. O. & T. P. Ry. Co. v. Perkins' Admr. 193 Ky. 207, 235 S. W. 776. See, also, Isaacs v. L. & N. Ry. Co., 167 Ky. 256, 180 S. W. 345; Truesdell v. C. & O. Ry. Co., 159 Ky. 718, 169 S. W. 471; Sinclair's Admr. v. I. C. R. R. Co., 140 Ky. 152, 130 S. W. 978; Jones v. Southern Ry. Co., 175 Ky. 455, 194 S. W. 558; Louisville & N. R. R. Co. v. Oliver, 210 Ky. 25, 275 S. W. 367; McDonald v. L. & N. Rd. Co., 232 Ky. 734, 24 S. W. (2d) 585.

It may be stated that the appellee testified that the reason he did not observe that the side of the tie with the channels in it was down and likely to catch on the side of the car was that they were somewhat obscured by the creosote on the tie, and that that substance because of the heat of the day had oozed out and had gotten on his face so as to interfere with his vision. He testified, nevertheless, that if he had been paying any attention he could have seen the situation.

We are of the opinion that the case clearly comes within that class where the employee assumed the results ordinarily incident to his labors.

Neither can the case be brought within the class where the defendant failed to furnish sufficient help to do the work. It does not appear that this factor entered into the accident in any way, for it was caused by the notch in the tie catching on the edge of the car while it was being shoved out for the purpose of throwing it overboard. Moreover, it has been often held that one must be the judge of his own physical strength and of his ability to handle the object with which he is dealing. McGaughey v. Hines, supra; Tosh v. I. C. R. R. Co., 204 Ky. 363, 264 S. W. 754; Hines, Director General, v. Cox, 192 Ky. 94, 232 S. W. 373.

We have examined the authorities cited by appellee's counsel, and they are clearly distinguishable from those cited in support of our conclusion that for this misfortune the appellant cannot be held legally liable, and that the court should have directed a verdict for it.

Judgment reversed.