## Southern Mining Company v. Cox.

(Decided May 17, 1932.)

N. R. PATTERSON for appellant.

W. T. DAVIS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The appellee, W. J. Cox, suffered an injury while working in appellant's mine, and recovered judgment for $600 in damages against it. The company was of the class of employers coming within the terms of the Workmen's Compensation Act (Ky. Stats., sec, 4880 et seq.), but had not elected to accept its provisions. Consequently, as is conceded, the only isues on the trial were whether the defendant was negligent and the extent of the proximate damages, if any, sustained by the plaintiff. West Kentucky Coal Co. v. Shoulders' Admr., 234 Ky. 427, 28 S. W. (2d) 479.

Other than the argument that the petition was demurrable, the only question submitted to us is whether a peremptory instruction should have been given for the defendant because of insufficient proof of negligence.

The plaintiff was an experienced miner. He had pushed an empty car into the room where he was at work, and, after filling it, started pushing the car back to the main entry where it would be picked up by the motor and hauled out of the mine. When Cox got the car to the "neck" of a turn in the track it stopped and a companion joined him in his efforts to push it out. Plaintiff put his shoulder to the car, and it moved about two feet and stopped again. A cross-tie against which Cox was bracing his foot while pushing the car slipped slightly. A sharp pain struck him in the right side and, becoming nauseated, he sat down close by the car and then noticed a mark on the rail as if the car wheel had slipped. Looking at the wheel, he found a flat place on its running sur-

face from three-fourths to an inch in width and from one to one and one-half inches in length. The plaintiff claimed that this flat place on the wheel caused the car to stop, and required such effort and strain on his part to move it as to cause the rupture which he was found to have suffered. In taking in the empty car it had run easily, and plaintiff neither heard nor saw anything out of the ordinary with the wheel. The claimed cause of the accident was unknown to the superintendent or other officers of the company for months, and the suit was not filed until a few days before the year expired, and the defendant says it was not able on that account to identify the car or offer any evidence regarding its condition. The wheel had a three and one-half inch tread and the ball of the rail was two and one-half inches wide.

The action is predicated upon a claimed violation of duty to furnish the servant with a reasonably safe appliance and place to work. It is very unlikely that the little flat place on the wheel could have caused the car to stop. But, if it did, there is no evidence that the company knew, or by the exercise of ordinary care could have known, of its condition in time to have remedied it before the accident, or that it had failed to make reasonable inspection of the car wheel. It is in evidence that there are several things or conditions which would make a mine car, under the circumstances, harder to move and to keep moving other than its load; such, for instance, as being on a curve with the friction on the flange of the wheel.

We are clearly of the opinion that no negligence on the part of the defendant was proven, and that the plaintiff's injuries were not in fact proximately caused by the car or its condition, or the slipping of the cross-tie; rather does the evidence show that they were due to his overexerting himself. It is a well-known law that a servant is the best judge of his physical strength and is required to know how far he may exert himself in labors of this kind. The master cannot be held responsible if he voluntarily overtaxes his strength and injures himself. Sandy Valley & Elkhorn Railway Co. v. Tackitt, 167 Ky. 756, 181 S. W. 349, L. R. A. 1916D, 445; Harris v. C., N. O. & T. P. Railway Co., 176 Ky. 846, 197 S. W. 464; Hines, Director General, v. Cox, 192 Ky. 94, 232 S. W. 373; Tosh v. Illinois Central Railroad Co., 204 Ky. 363, 264 S. W. 754.

Therefore, the court erred in submitting the case to the jury. He should have given a peremptory instruction in favor of the defendant.

We do not pass upon the sufficiency of the petition. Judgment reversed.